510 So.2d 1074 (1987)
G & A BUILDING MAINTENANCE and Sentry Claim Services, Appellants/Cross-Appellees,
v.
Rose Helen MAKUSKI, Appellee/Cross-Appellant.
No. BQ-335.
District Court of Appeal of Florida, First District.
July 29, 1987.
R. Ty Hodges, of Miller, Hodges, Kagan & Chait, Miami, for appellants/cross-appellees.
Edward Schroll, Miami, for appellee/cross-appellant.
BARFIELD, Judge.
In this appeal and cross-appeal from a workers' compensation order awarding attorney fees under section 440.34, Florida Statutes (1983), the employer and carrier assert that the award is patently excessive and in excess of the amount claimed, and that it is unsupported by competent substantial evidence in the record. The claimant asserts that the deputy commissioner's reduction of hours and hourly rate, which he had found to be reasonable, is not supported by competent substantial evidence in the record. We reverse.
The claimant sustained permanent eye damage as the result of scar tissue which developed from injury to her cornea in a 1984 accident. The employer/carrier initially paid on the claim, then took the position that the claimant's eye disability was not causally related to an accident. Pursuant to a stipulation approved by the deputy commissioner, the claimant received a lump sum payment of $5,000 and the employer/carrier agreed to provide future medical care, including a possible corneal transplant. The parties agreed that the claimant's attorney was entitled to a reasonable attorney fee to be paid by the employer/carrier.
At the hearing to determine the amount of the fee, claimant's attorney presented an affidavit in which he stated that he represented the claimant from September 1985 to July 1986, that the issue involved in this case was "somewhat novel," requiring multiple medical depositions, that he devoted 43.9 hours to the case, that he was required to travel from his office in Dade County to *1075 the Keys, and that the fees customarily charged in his area for similar legal services vary from $150 to "in excess of" $200 per hour. He also testified in response to the deputy commissioner's questions that a rate of $300/hour was not unusual "on a contingency fee basis", and that a reasonable attorney fee in this case would be $8,000. He admitted on cross-examination that his time log was a reconstruction, that the case was not particularly complex from a medical standpoint once the proper frame of reference was developed, and that he charges $80/hour for defense work.
Counsel for the employer/carrier testified that 37 hours would be a reasonable figure for the time spent by the claimant's attorney, that attorneys are not paid $200-300/hour on a regular basis under usual circumstances, that the potential corneal transplant remains highly speculative, and that a reasonable value for attorney fees would be $3,250.
In his order, the deputy commissioner found that the claimant's attorney had expended 43.9 hours of professional time, not including the time involved at the hearing, and that this number of hours was reasonable, but reduced the hours to 35 for purposes of determining a reasonable fee. He also found, based on his own experience, that $300/hour was a reasonable rate for an attorney of this attorney's caliber, but reduced the rate to $265/hour without explanation. He found that the fee schedule contained in section 440.34 could not be reasonably and fairly applied in this case, considering the fact that the value of future medical care could not be ascertained, and that application of the fee schedule would result in an unjust and inadequate fee for the claimant's attorney. He awarded a fee of $9,275.
In a legislative attempt to standardize attorney fees absent exceptional circumstances, section 440.34 sets out a formula to be used in determining a reasonable attorney fee.[1] The deputy commissioner must consider eight factors enumerated in the statute, and may deviate from the statutory formula if, in his judgment, the circumstances of the particular case warrant an increase or decrease in the fee. His order must reflect that he considered all the relevant factors to the extent circumstances permit.[2]
Under the statutory formula, the claimant's lump sum settlement would result in an attorney fee of $1,250.[3] The deputy commissioner properly found this formula inadequate, and was therefore obliged to consider the factors set out in the statute in order to determine a reasonable fee. The record would support a reduction of the hours expended by the claimant's attorney to 37 hours instead of the 43.9 hours claimed, but there is no record support for a reduction of the hours to 35. Although there was some discussion of hourly fees in excess of those stated in the attorney's affidavit, there is no record support for the deputy commissioner's determination of $265/hour as a reasonable rate. In addition, an award in excess of the amount claimed by the claimant's attorney is inappropriate.
The order is REVERSED and REMANDED for reconsideration by the deputy commissioner of a reasonable attorney fee in light of specific findings consistent with the record, not to exceed the amount requested by the claimant's attorney.
MILLS and WENTWORTH, JJ., concur.
NOTES
[1] Fiesta Fashions, Inc. v. Capin, 450 So.2d 1128 (Fla. 1st DCA 1984); Roundtree Transport, Inc. v. Godek, 412 So.2d 66 (Fla. 1st DCA 1982).
[2] Id. See also, Department of Health and Rehabilitative Services/Division of Blind Services v. Bean, 435 So.2d 967 (Fla. 1st DCA 1983); Brevard County Mental Health Center v. Kelly, 420 So.2d 911 (Fla. 1st DCA 1982); East Coast Tire Co. v. Denmark, 381 So.2d 336 (Fla. 1st DCA 1980).
[3] Under either party's calculation of reasonable hours, this would amount to compensation of the claimant's attorney at a rate less than $40/hour.