624 So.2d 315 (1993)
Norman SMITH, Appellant,
v.
U.S. SUGAR CORPORATION and Gallagher Bassett Service, Appellees.
No. 92-2358.
District Court of Appeal of Florida, First District.
August 30, 1993.
Rehearing Denied October 14, 1993.
*317 Howard S. Grossman, P.A., Boca Raton, for appellant.
Todd M. Wernstrom of Pyszka, Kessler, Massey, Weldon, Catri, Holton & Douberley, P.A., Miami, for appellees.
ERVIN, Judge.
Appellant, Norman Smith, appeals an order assessing the sum of $1,350 against the employer/carrier (E/C) as a bad-faith attorney fee. Smith contends the judge of compensation claims (JCC) erred in denying fees in regard to his claim for permanent total disability (PTD) benefits, in basing the fee award on 12.5 hours rather than 48.25 hours, in denying an award for the 20 hours counsel spent preparing for the attorney-fee hearing, and in setting counsel's compensation rate at $150 per hour. We affirm in part, reverse in part, and remand for further proceedings.
Initially, we affirm the JCC's finding that the E/C did not act in bad faith in not earlier accepting claimant as PTD. A finding of bad faith is warranted under Section 440.34(3)(b), Florida Statutes (1987), if the claimant shows that the carrier passively delayed paying benefits without making any effort to place benefits in the hands of the claimant. Volusia Memorial Park v. White, 549 So.2d 1114, 1117 (Fla. 1st DCA 1989). See, e.g., Kirkland v. Northwest Fla. Regional Hous. Auth., 596 So.2d 1259 (Fla. 1st DCA 1992) (17-month delay).
In the case at bar, the E/C learned from claimant's treating physician, Dr. Lowell, on March 14, 1991, that claimant had reached maximum medical improvement on March 4, 1991. Dr. Lowell's earlier reports of January and February 1991 had indicated that he believed claimant would be disabled from heavy labor only. Although claimant's February 25, 1991 functional capacity evaluation stated that claimant was unable to return to his job because of his functional capacity, it strongly recommended that he receive a vocational evaluation to determine his suitability for retraining. Dr. Lowell, however, in his letter of March 4, 1991, stated that he believed rehabilitation would be useless because claimant was not motivated.
Michael Hartung, in testifying for the E/C, stated that the central consideration of the E/C during March and early April was to determine whether claimant should be provided vocational rehabilitation, or whether it would be appropriate to try to find him sedentary work. There were notes in Hartung's file on the claimant indicating discussion of this issue on March 14, 15, and 21, and April 4, 12, 18, and 19. The E/C concluded that claimant was PTD and began paying benefits on April 24, 1991. On this evidence, the JCC properly concluded that there was no showing of "passive delay" by the E/C or a complete absence of initiative. See, e.g., State v. Roberts, 586 So.2d 1262 (Fla. 1st DCA 1991), review denied, 599 So.2d 657 (Fla. 1992). Moreover, we agree that the evidence supported the finding that after it received Dr. Lowell's report and the functional capacity evaluation, the E/C was reasonably pursuing efforts to determine whether claimant could be rehabilitated to suitable gainful employment, in accordance with the dictates of Section 440.49(1)(c), Florida Statutes (1989). We therefore affirm the JCC's denial of bad-faith attorney fees insofar as the denial relates to claimant's PTD benefits.
The E/C did, however, concede bad faith at the outset of the hearing on the attorney-fee claim concerning its failure to pay wage-loss (WL) benefits between September 6 and 15, 1990, and its failure to pay penalties and interest for an untimely payment of temporary total disability (TTD) benefits between November 5 and 19, 1990. Claimant asserts that his attorney is thus entitled to fees for all services rendered from September 6, 1990 until the date of the bad-faith attorney fee hearing. On the contrary, an award of bad-faith attorney's fees on one set of benefits does not automatically entitle claimant to fees on subsequent benefits, absent a showing of bad faith in regard to each period. Central Maintenance & Welding v. Simmons, 621 So.2d 514 (Fla. 1st DCA 1993); Wackenhut Corp. v. Schisler, 606 So.2d 1250, 1251 (Fla. 1st DCA 1992) (quoting Doctor's Hosp. of Sarasota v. Taylor, 576 So.2d 1364, 1365 (Fla. 1st DCA 1991)). Notwithstanding the general rule, however, we recognize that it may be impossible for the JCC in the case *318 at bar to isolate those services rendered by claimant's lawyer that were related to the two periods which the E/C conceded fees were due.
The JCC concluded that claimant's attorney devoted 12.5 hours to secure the benefits associated with the two periods for which claimant is entitled to fees. It is apparent from the record that the JCC arrived at this amount based upon the cross-examination testimony of claimant's attorney. We consider that such testimony does not provide CSE for this determination. Without detailing the testimony, which referenced the time log claimant's attorney submitted into evidence, suffice it to say that we cannot discern why the JCC accepted some entries and not others as having contributed to "the time reasonably spent in obtaining" benefits under section 440.34(3)(b).
For example, the JCC considered reasonable the 1.5 hours counsel expended on 2/28/91 in a pre-deposition conference with the client and attendance at that deposition; yet, the attorney's preparations for the deposition, consisting of letters and telephone calls to and from the client between 12/14/90 and 2/18/91, were not determined reasonable. Similarly, the JCC included .25 hours spent canceling Dr. Lowell's deposition on 9/19/91, but not the .35 hours spent by the attorney on 7/18/91 scheduling the deposition. Included also was the time spent deposing Dr. Lowell on 4/22/92, but not the .50 hours or the 2.5 hours spent reviewing Dr. Lowell's records on 3/14/92 and 4/21/92, respectively. We find no support in the record for the JCC's seemingly arbitrary and inconsistent selection of times.
In that this case must be remanded for further findings, we think it helpful to make the following observations. There was no showing of bad faith until the E/C terminated claimant's WL benefits on September 6, 1990. From that time forward, claimant is entitled to recover any fees reasonably related to the reinstatement of WL benefits, the payment of penalties and interest for the November TTD benefits, and the time spent preparing for and attending the bad-faith attorney-fee hearing, insofar as such time relates to establishing the substantive issue of bad faith, as discussed infra. Having reviewed counsel's time log and the limited cross-examination of claimant's attorney, we acknowledge that it may be difficult for the JCC to separate the attorney's time expenditures for the two periods in September and November 1990 from those related to claimant's PTD claim, for which there was no showing of bad faith. Accordingly, claimant may be entitled to fees for the entire 48.25 hours.
We therefore reverse the JCC's finding that only 12.5 hours were reasonably employed obtaining benefits related to claimant's bad-faith claim, and remand the case to permit the JCC to make additional findings consistent with this opinion, and to clearly articulate such findings in his final order.
We also reverse the JCC's determination that claimant was not entitled to a fee for the 20 hours counsel exerted preparing for the bad-faith hearing, because the E/C conceded on the morning of the hearing that fees were due in connection with the untimely payments for the periods in September and November 1990. A claimant is entitled to recover for his or her counsel's time spent preparing for, traveling to, and attending an attorney-fee hearing, so long as the time is related to proving the substantive issue of bad faith, rather than proving the amount of the fee. Crittenden Orange Blossom Fruit v. Stone, 514 So.2d 351, 353 (Fla. 1987); Regal Wood Prods. v. Baschansci, 603 So.2d 551, 553 (Fla. 1st DCA 1992). Fees are awarded in cases of bad faith because, by establishing bad faith, the claimant's attorney obtained a benefit for his or her client which was not otherwise available. Crittenden, 514 So.2d at 353.
Claimant's attorney performed the groundwork necessary to ascertain bad faith for the two disputed periods, which presumably resulted in the E/C's concession thereto. We cannot agree with the JCC's determination that the time which a claimant's lawyer appropriately spends preparing for an attorney-fee hearing cannot be included in the ascertainment of a reasonable attorney's fee simply because of an employer's eleventhhour acquiescence that it acted in bad faith in withholding payments for certain specified *319 periods of time. Claimant is therefore entitled to recover fees for that portion of the 20 hours which was directed to establishing bad faith concerning the two stipulated periods. Accordingly, we direct claimant's attorney to submit a detailed affidavit on remand enumerating the time spent on the substance of the bad-faith claim and excluding therefrom the time involved in proving the amount of the fee.
Finally, we conclude that the JCC erred in setting $150 as a reasonable hourly rate. The only evidence on this matter came from claimant's counsel, who testified that $200 per hour was a reasonable rate. The JCC nevertheless concluded that $150 per hour was the rate claimants' attorneys normally command in his district. Because the JCC is bound to resolve conflicts based upon the evidence of record, we reverse the rate of $150 per hour and remand with directions to the JCC to award fees at the rate of $200 per hour. Georgia-Pacific Corp. v. DeLoach, 603 So.2d 702 (Fla. 1st DCA 1992); G & A Bldg. Maintenance v. Makuski, 510 So.2d 1074 (Fla. 1st DCA 1987).
AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further proceedings.
BOOTH, J., and SHIVERS, Senior Judge, concur.