PER CURIAM.
Claimant appeals an order awarding her attorney fees in the amount of $2500. The judge of compensation claims arrived at this amount by allowing only 25 hours as reasonable, thereby disallowing most of the hours claimed by Claimant’s attorneys, and by reducing the hourly rate to $100 based on the lack of experience and expertise of Claimant’s attorneys in the workers’ compensation specialty. After careful review of the record, we conclude that the record does not contain competent, substantial evidence to support the findings in the appealed order.
There is no evidence that, under the circumstances encountered by Claimant’s attorneys in this particular case, 25 hours was reasonable. That figure was based on testimony by an attorney as to what would be reasonable for one who, like himself, was highly skilled in handling workers’ compensation cases. It was based, further, upon the assumption that no difficulties would be encountered obtaining adequate discovery. However, in this case the record demonstrates without significant controversion that Claimant’s counsel did encounter difficulty in obtaining adequate discovery to prove the claimed injury based on exposure to hepatitis B. Moreover, the judge reduced the allowable hourly rate for Mr. Jordan’s services from $150 (the amount testified to by the expert witnesses) based upon a lack of experience with workers’ compensation cases which, according to the order, caused that attorney to expend more time than was reasonable under the circumstances. This record does not contain competent, substantial evidence to support both a reduction of the hourly rate and a substantial reduction in the number of hours claimed, based on the attorneys’ lack of experience.
In short, while there is support for many of the subsidiary findings made, based on this record the award of only $2500 in attorneys’ fees was an abuse of discretion, and must be reversed. This cause is thus remanded for further proceedings on the deter *323 mination of a reasonable attorneys’ fee for the services of Claimant’s attorneys. While we are constrained to reverse based upon the inadequacy of the amount of fees awarded, we note that, in doing so, we do not intend to imply that the amount requested by Claimant is reasonable. Rather, we hold only that the amount awarded is not.
REVERSED AND REMANDED.
ZEHMER, C.J., and ALLEN and WEBSTER, JJ., concur.