667 So.2d 239 (1995)
Larry STRICKLER, Appellant,
v.
FLORIDA POWER CORPORATION, Appellee.
No. 94-2973.
District Court of Appeal of Florida, First District.
August 23, 1995.
*240 Donald Van Dingenen of Paul J. Morgan & Assoc., P.A., Winter Park, and Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for appellant.
Charles H. Leo and Thomas W. Sculco of Zimmerman, Shuffield, Kiser & Sutcliffe, P.A., Orlando, for appellee.
KAHN, Judge.
Claimant Larry Strickler challenges a workers' compensation order in which the Judge of Compensation Claims (JCC) (1) rejected claimant's testimony that he was on his way to see his doctor for his industrial accident when he was involved in an automobile accident, (2) found claimant's automobile accident was not an accident or injury arising out of or in the course and scope of his employment and was a subsequent intervening accident, and (3) denied benefits. We affirm the JCC's order.
The JCC had the discretion to judge the credibility of witnesses and reject testimony which he disbelieved. Ullman v. City of Tampa Parks Department, 625 So.2d 868 (Fla. 1st DCA 1993); Storage Technology Corp. v. Philbrook, 448 So.2d 42, 44 (Fla. 1st DCA 1984); John Caves Land Development Co. v. Suggs, 352 So.2d 44, 45 (Fla. 1977).
Appellant relies on Bass v. General Motors Corp., 637 So.2d 304 (Fla. 1st DCA 1994), for the proposition that the JCC abused his discretion in rejecting claimant's testimony. In Bass, this court found the JCC abused his discretion in rejecting claimant's testimony because "the discrepancies in claimant's testimony are of no weight in determining whether or not an accident occurred at all." 637 So.2d at 306. Claimant in Bass stated on the day of the accident and at the hearing that he injured his back lifting a box containing a "support." He allegedly told his supervisor and the worker's compensation clerk and stated on his accident report and during deposition that he injured his back while lifting a box containing a "door panel." Both items weighed 55 pounds, and claimant's supervisor admitted that it was possible that door panels were shipped in boxes similar to those containing supports. This court found the minor inconsistency in testimony irrelevant to the claim.
This court in Bass recognized the case was unusual and reiterated the general rule, which controls the present case:
We are quite cognizant of our standard of review: a JCC's findings are to be sustained if it is permitted by any view of the evidence and its possible inferences. Gomez v. Neckwear, 424 So.2d 106 (Fla. 1st DCA 1982). The JCC, as the finder of fact, has the prerogative of disbelieving a witness. The JCC is free to reject, in whole or in part, even uncontroverted testimony which the JCC disbelieves. Storage Technology Corp. v. Philbrook, 448 So.2d 42 (Fla. 1st DCA 1984); Ullman v. City of Tampa Parks Department, 625 So.2d 868 (Fla. 1st DCA 1993).
637 So.2d at 306.
AFFIRMED.
BARFIELD and DAVIS, JJ., concur.