771 So.2d 7 (2000)
In re ESTATE OF Sharon Lee WILLIAMS.
Donald R. Brophy, Appellant,
v.
Gerald L. Condon, as personal representative, Appellee.
No. 2D99-2726.
District Court of Appeal of Florida, Second District.
September 20, 2000.
*8 Richard L. Alford of Alford, Barber & Mariani, Clearwater, for Appellant.
Philip A. McLeod, St. Petersburg, for Appellee.
DAVIS, Judge.
Donald R. Brophy appeals the order requiring him to pay certain costs arising out of his unsuccessful surcharge action against Gerald L. Condon. We conclude that the trial court abused its discretion in ordering Brophy to pay these costs, and, accordingly, reverse.
Donald R. Brophy filed an action for surcharge against Gerald L. Condon, as personal representative of the Estate of Sharon Lee Williams. The trial court found that Brophy failed to establish the elements of a surcharge action and ruled in favor of the estate. The trial court ordered Brophy to pay certain costs, including the cost of certain photocopies and long-distance telephone calls, the cost of three airline tickets, and an expert witness fee.
Although the trial court in a probate proceeding has broad discretion to apportion taxable costs between the parties (see Dayton v. Conger, 448 So.2d 609, 612 (Fla. 3d DCA 1984); § 733.106(1), Fla. Stat. (1997)), we conclude that the trial court abused its discretion here because it awarded costs for expenses that are not properly taxable as costs.
Condon sought reimbursement for numerous long-distance telephone calls that he made to his attorney and to the trial judge. First, the record is unclear whether these calls arose out of the instant litigation since Condon acknowledged that some of the calls may have included discussion of unrelated estate issues. Second, items such as postage, long-distance calls, and fax transmissions are generally considered to be office expenses that are not taxable. See Department of Transp. v. Skidmore, 720 So.2d 1125 (Fla. 4th DCA 1998).
Condon also requested reimbursement for the cost of photocopying certain documents. The Statewide Uniform Guidelines for Taxation of Costs in Civil Actions suggest that a trial court may award photocopying costs if the documents are admitted into evidence or filed with the court. Because neither exception applies here, the trial court abused its discretion in awarding these costs.
Next, Condon sought reimbursement for the purchase price of three airline tickets to return to Florida for court proceedings. Condon's affidavit indicates that he purchased one ticket for the purpose of attending a hearing on the issue of homestead, an unrelated hearing that occurred several months before trial in the instant litigation. In any event, the cost of a party's appearance at a court proceeding is not covered by the guidelines, and, absent exceptional circumstances, should not be taxed as costs. See Miller v. Hayman, 766 So.2d 1116 (Fla. 4th DCA 2000).
Finally, the trial court also awarded the estate the cost of procuring an expert witness. The estate had called attorney William Belcher to testify as an expert in probate litigation and explain whether Brophy had properly pleaded a surcharge action for the alleged breach of fiduciary duty. However, opinion testimony as to the legal interpretation of Florida law is not a proper subject of expert testimony. See Lee County v. Barnett Banks, Inc., 711 So.2d 34, 34 (Fla. 2d DCA 1997). Because the estate called Belcher only to *9 offer his legal opinion, the trial court abused its discretion in awarding Belcher's expert witness fee.
Having concluded that the trial court abused its discretion in awarding these costs to the estate, we reverse.
THREADGILL, A.C.J., and ALTENBERND, J., Concur.