867 So.2d 1173 (2004)
Victor SANCHEZ, Appellant,
v.
WOERNER MANAGEMENT, INC. & Atlantic Mutual Co., Appellees.
No. 1D03-1093.
District Court of Appeal of Florida, First District.
February 20, 2004.
*1174 David C. Wiitala of Wiitala & Contole, P.A., North Palm Beach, for Appellant.
Gerald K. McKim and Robert L. Teitler of Walton, Lantaff, Schroeder & Carson, LLP, Miami, for Appellees.
PER CURIAM.
Claimant, Victor Sanchez, challenges the reasonableness of an attorney fee awarded him in a workers' compensation case in which the judge of compensation claims (JCC) reduced by nearly half the hours that claimant's counsel represented he reasonably expended in securing benefits on behalf of his client. Because we conclude the order is utterly lacking any competent, substantial evidence in support of the reduction, we reverse the attorney fee ordered and remand the case with directions for the JCC to enter a fee in the requested amount of 137.1 hours times the hourly rate of $225.[1]
The most telling deficiency in the fee awarded is that no evidence was submitted in behalf of the numerous itemized reductions. Appellee, the employer/carrier, made no effort to cross-examine claimant's lawyer regarding the reasonableness of the fee he submitted for approval. The decreases appear to rest entirely upon the JCC's subjective belief and personal experience of what to him seemed reasonable for the amount of time represented by counsel in serving his client. Such an analysis makes informed appellate review impossible. See, e.g., Feinberg v. MiamirDade County, 788 So.2d 417 (Fla. 1st DCA 2001) (reversing the JCC's finding that 76.7 of the claimant's attorney's hours were "excessive and unrelated to the benefits obtained," because the finding was unsupported by the record); Smith v. U.S. Sugar Corp., 624 So.2d 315 (Fla. 1st DCA 1993) (reversing the JCC's conclusion that $150 was the hourly rate claimants' attorneys usually commanded in his district, because the only evidence was testimony that $200 was a reasonable rate, and the JCC is bound to resolve conflicts based upon evidence of record); G & A Bldg. *1175 Maint. v. Makuski, 510 So.2d 1074 (Fla. 1st DCA 1987) (reversing the JCC's reduction of the hours expended by claimant's counsel from 43.9 hours to 35 hours, because there was no record support for the reduction).
The employer/carrier attempts to justify the fee awarded by pointing out it submitted a memorandum of law into evidence contesting certain of the billing items supporting the fee petition. We agree with appellant that the unsworn memorandum had no evidentiary value, and therefore should not have been admitted as an exhibit. It is in the nature of a pleading and not an evidentiary document.[2]
REVERSED and REMANDED for further consistent proceedings.
ERVIN, BARFIELD and POLSTON, JJ., CONCUR.
NOTES
[1] Claimant does not dispute the amount of the hourly fee.
[2] See Florida Rule of Workers' Compensation Procedure 4.144(c), which states: "Within 20 days after the verified petition is served, the opposing party or parties shall respond to the petition and shall include a recitation of all matters controverted in the verified petition which are in dispute." The consequence of a party's failure to file a timely response to the petition can result in the acceptance of the allegations in the petition as true. See rule 4.144(d), and Florida Administrative Code rule 60Q-6.124(3)(b).