869 So.2d 704 (2004)
Angie MORRIS, Appellant,
v.
DOLLAR TREE STORE and Specialty Risk Services, Appellees.
No. 1D03-0336.
District Court of Appeal of Florida, First District.
April 6, 2004.
T. Rhett Smith and Teresa E. Liles of Smith & Janes, P.A., Pensacola, for Appellant.
*705 Mary L. Wakeman of McConnaughhay, Duffy, Coonrod, Pope & Weaver, P.A., Tallahassee, for Appellees.
ERVIN, J.
This is a workers' compensation appeal challenging as unreasonable an order awarding attorney's fees to claimant, Angie Morris. We agree that the fee awarded is unreasonable and reverse and remand with directions.
Appellant first contends the judge of compensation claims (JCC) erred in denying her reimbursement for attorney's time expended before the filing of a petition for benefits. In regard to the reasonableness of the fees that should be allowed, claimant's expert, Douglas F. Miller, testified that counsel reasonably expended between 25 and 30 hours, which included the time involved before the filing of the petition for benefits. The JCC awarded a total fee of $4,380.00, based upon 25 attorney-hours exerted, multiplied by $168.00 per hour, yielding a sum of $4,200.00, to which he added $180.00 for paralegal services. The JCC refused, however, to include within the fee assessed the lawyer's pre-petition time, concluding that the plain language of section 440.192(7), Florida Statutes (2001), precluded the consideration of same. Because the JCC's interpretation is one of law, our review standard is de novo.
Section 440.192(7) states:
Notwithstanding the provisions of s. 440.34, a judge of compensation claims may not award attorney's fees payable by the carrier for services expended or costs incurred prior to the filing of a petition that does not meet the requirements of this section.
We find it very difficult to conclude that the above language clearly and unambiguously bars compensation for any attorney time expended before a petition is filed, and particularly so in view of the qualification therein specifically linking the preclusion of fees to a petition that fails to satisfy the statute's requirements. Under the circumstances, the provisions of subsection (7) obviously cannot be considered in isolation from other pertinent statutory specifications, namely, those in section 440.34, relating to the factors to be considered in awarding claimant's attorney fees, and those in section 440.192(2), setting out the requisites of a petition for benefits.
Because of subsection (7)'s reference to other statutes, we deem it necessary to apply the in pari materia canon of statutory construction, which recognizes that statutes will be considered together when "two different statutory provisions deal with the same specific subject or with subjects so connected that the meaning of the one informs the other." See Brown v. State, 848 So.2d 361, 364 (Fla. 4th DCA 2003). In our judgment, subsection (7) is so interconnected with the subsection (2) criteria that the meaning of the former cannot be ascertained without reference to the latter. Section 440.192(2) clearly states that a petition shall be dismissed if it fails to comply with its filing requirements. This court, moreover, in construing the provisions of the two subsections in pari materia, has concluded that no attorney fee can be awarded to claimant's counsel for time expended before the filing of a petition that is later dismissed on the ground that it did not satisfy the subsection (2) requisites. See Kennedy v. Orlando Shader Realty, 711 So.2d 156, 158 (Fla. 1st DCA 1998). The logical inference from Kennedy is that services performed before a proper petition is filed may be included in a fee awarded to a prevailing claimant.
In the case at bar, the petition was not dismissed, nor has any contention been made that it did not meet the statute's *706 prescriptions. We therefore reverse the JCC's construction of section 440.192(7) as barring all attorney time expended before the filing of a petition that complies with the subsection (2) criteria. Although we are aware that the JCC explicitly based his finding that 25 hours of attorney-time were reasonably expended upon the testimony of claimant's expert, who opined that a reasonable amount of time should be between 25 and 30 hours, we note that the JCC also found that once the entries in counsel's verified petition for fees were removed relating to the time involved before the filing of the petition for benefits, "the remaining time is very close to the time Mr. Miller testified would be reasonable for a claim of this type."
Because it appears from the order that the time excluded would have been factored into the fee awarded but for the JCC's erroneous conclusion that the statute precluded consideration of same, we remand the case to the JCC with directions that he revisit his fee determination by including within the fee the attorney-time claimant's counsel expended before filing the petition for benefits, if he decides that such time related to the benefits secured.[1] If the JCC determines on remand that some of the entries in the petition for fees are unrelated to the benefits secured, the JCC shall identify with specificity the time entries for which compensation is denied, or otherwise award fees based on the number of hours set out in the fee petition. See Sanchez v. Woerner Mgmt., Inc., 867 So.2d 1173 (Fla. 1st DCA 2004); Bryant v. Publix Super Markets, 786 So.2d 676 (Fla. 1st DCA 2001).
Appellant next assails the fee ordered as not supported by competent, substantial evidence (CSE), pointing out that her expert, Mr. Smith, the only witness offering evidence as to the value of the fee, testified that the type of case warranted a fee in the amount of $200.00 per hour, yet the JCC awarded an hourly fee of $168.00, despite the absence of any record foundation for same. We agree with appellant that the JCC's finding lacks evidentiary support.
The rule is well recognized that if the issue to be decided turns on the amount of a reasonable hourly rate for an attorney's fee, the appellate court's review standard is whether CSE supports the JCC's conclusion. See Feinberg v. Miami-Dade County, 788 So.2d 417, 418 (Fla. 1st DCA 2001); Miller v. JFK Mem'l Hosp., 624 So.2d 322 (Fla. 1st DCA 1993); Smith v. U.S. Sugar Corp., 624 So.2d 315, 319 (Fla. 1st DCA 1993). Accordingly, once the JCC decides, as he did here, that the application of the statutory factors for assessing a presumptive fee, as provided in section 440.34(1), is "manifestly unfair," the JCC may depart upward or downward, and, in deciding what is a reasonable hourly rate, he or she may consider the fee customarily charged in the area for similar legal work. See Alderman v. Fla. Plastering, 805 So.2d 1097, 1100 (Fla. 1st DCA 2002). In making such assessment, the award must be predicated upon expert testimony regarding the reasonableness of the hourly rate. See Smith, 624 So.2d at 319; G & A Bldg. Maint. v. Makuski, 510 So.2d 1074 (Fla. 1st DCA 1987).
*707 The expert clearly testified that a reasonable fee was $200.00 per hour. The JCC's order ignored that testimony in arriving at a lesser hourly rate. Because there is no support in the record for the amount determined as reasonable by the JCC, the case is remanded with directions that a fee be awarded consistent with the only evidence relating to such issue.
The appellant next asserts the JCC erred in denying her, as the prevailing party, reimbursement of costs associated with certified mail mandated by section 440.192(1) for the filing and service of petitions for benefits. We review the JCC's decision under an abuse of discretion standard[2] and conclude that the denial of same constitutes such an abuse; consequently, we reverse with directions that the costs connected with the two petitions for which benefits were secured (one served on February 8, 2002, and the other on April 16, 2002) be awarded.
In reaching his conclusion that such costs were not taxable, but rather the "cost of doing business," the JCC relied on the Statewide Uniform Guidelines for Taxation of Costs in Civil Actions, and noted that civil filing fees are not assessable as costs against the non-prevailing party. Under the Guidelines, mailing costs are considered office expenses and are not recoverable as taxable costs to the prevailing party. See, e.g., Seminole County v. Chandrinos, 816 So.2d 1241, 1246 (Fla. 5th DCA 2002); In re Estate of Williams, 771 So.2d 7, 8 (Fla. 2d DCA 2000); Dep't of Transp. v. Skidmore, 720 So.2d 1125, 1130 (Fla. 4th DCA 1998).
We consider that the JCC's reference to the Guidelines was misplaced. Although no provision under chapter 440 explicitly approves the taxing as costs of pleadings required to be served by certified mail, section 440.34(3) permits a prevailing claimant to tax against the employer "the reasonable costs of such proceedings." We cannot conceive it to be the legislative intent that an injured worker who successfully prosecutes a claim against his or her employer should not be made whole for all costs necessary to maintain the claim. Any conclusion to the contrary would obfuscate the expressed purpose "to ensure the prompt delivery of benefits to the injured worker," and to create "an efficient and self-executing system." § 440.015, Fla. Stat. (2001). It would ignore as well the fundamental purpose of the workers' compensation law, which is that the cost of employment injuries should be placed on the industry served, rather than on society.
We therefore conclude that the legislative refusal to tax certain expenses as costs to successful litigants in the civil arena has no materiality whatsoever to the question of their taxation in workers' compensation proceedings. Florida's Workers' Compensation Law has long been imbued with its own unique policy considerations that are entirely unlike those in any other legal setting. For example, this court has observed that the Rowe (Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985)) lodestar approach, with its contingency factors, used for assessing a reasonable attorney fee, has no applicability to fee awards in which a statute, such as section 440.34, sets out its own criteria. See What An Idea, Inc. v. Sitko, 505 So.2d 497 (Fla. 1st DCA 1987).
REVERSED and REMANDED.
BROWNING, J., concurs; DAVIS, J., concurs in result only.
NOTES
[1] In so deciding, we reject appellee's argument that if the JCC erred at all, it was a technical error that could have been readily correctable on rehearing, which the claimant did not pursue; therefore, the issue should be deemed not preserved. In our judgment, the error is substantive, rather than inconsequential; thus not susceptible to correction by rehearing. See Fla. R. Work. Comp. P. 4.141; Bogdanova v. Royal Hanneford Circus, 848 So.2d 1163, 1164 (Fla. 1st DCA 2003); Aircraft Servs. v. Reyes, 582 So.2d 66, 67 (Fla. 1st DCA 1991).
[2] See McArthur Farms v. Peterson, 586 So.2d 1273, 1276 (Fla. 1st DCA 1991).