920 So.2d 107 (2006)
Andrew MARSHALL, Appellant,
v.
CITY OF MIAMI, DEPARTMENT OF CONVENTIONS & MARINAS and Gallagher Bassett Services, Appellees.
No. 1D04-5139.
District Court of Appeal of Florida, First District.
January 20, 2006.
*108 Edward F. DeVarona & Adrienne Hausser Breuer of Law Offices of Edward F. DeVarona, P.A., Coral Gables, for Appellant.
Jorge L. Fernandez, City Attorney; Mimi V. Turin and Richard S. Otruba, Assistant City Attorneys, Miami, for Appellee City of Miami.
PER CURIAM.
In this workers' compensation case, claimant seeks review of a final order awarding attorney's fees for services rendered by his attorney. The judge of compensation claims determined that claimant's attorney was entitled to a greater fee than that which would result from application of the statutory formula found in section 440.34(1), Florida Statutes (2001). Accordingly, applying the factors listed in that subsection, the judge arrived at a fee of $7,770.00. We agree with claimant that the judge erroneously determined that "[t]he fee customarily charged in the locality for similar legal services" was $150.00 per hour, when the only evidence presented was that the customary hourly rate would be $275.00. See Morris v. Dollar Tree Store, 869 So.2d 704, 706-07 (Fla. 1st DCA 2004) (the standard of review from a determination of a reasonable hourly rate for an attorney's fee is whether the determination is supported by competent substantial evidence and, therefore, the judge may not choose an hourly rate unsupported by any evidence); Smith v. U.S. Sugar Corp., 624 So.2d 315, 319 (Fla. 1st DCA 1993) (reversing an attorney-fee award based on a $150.00 hourly rate when the only evidence established that $200.00 would be a reasonable rate, and remanding with directions to award fees at the rate of $200.00 per hour). We agree also that the judge erroneously deducted 20 unspecified hours from those identified by claimant's attorney. See Sanchez v. Woerner Mgmt., Inc., 867 So.2d 1173, 1174-75 (Fla. 1st DCA 2004) (reversing reductions in hours identified by claimant's attorneys as reasonably expended because the reductions were not supported by competent substantial evidence but, instead, "appear[ed] to rest entirely upon the JCC's subjective belief and personal experience of what to him seemed reasonable"). Accord Smith, 624 So.2d at 318. Claimant's remaining arguments merit neither discussion nor reversal.
We reverse that portion of the "Amended Order on Verified Petition for Attorney's Fees and Costs" which awarded attorney's fees of $7,700.00 and remand with directions that the judge enter a new order awarding $19,415.00 (computed by multiplying the customary rate of $275.00 per hour by 70.6 hours reasonably expended).
REVERSED and REMANDED, with directions.
WEBSTER, BROWNING and POLSTON, JJ., concur.