VILLANTI, Judge.
John Hann and Ellen Stuke-Hann appeal the trial court’s order granting a motion to tax costs for Attorney Ross E. Payne’s expert witness fee in the amount of $5190. Because the defense called Payne to offer only his legal opinion, we reverse.
The Hanns own waterfront property. Their neighbors, William and Deborah Balogh, Philip and Carol Neumann, and Nancy Robertson (the Appellees), asserted that they had two easements over the Hanns’ property to build and access a dock on the water. The Hanns filed a complaint for declaratory judgment construing the deeds to determine whether the language was sufficient to create the two easements. The Appellees called Payne as an expert witness in their defense over the Hanns’ objection that Payne’s testimony was “nothing more than legal argument” and “not admissible for expert opinion.”
According to Payne’s testimony, he “was asked to look at the pleadings and the parties’ positions with an eye toward forming an opinion as to the creation of the two easements at issue.” Payne “reviewed the pleadings, including the most recent motion for partial summary judgment” and the deeds and depositions. He then formed the opinion that “the 35 foot turnaround easement may have been created depending on how the finder of fact — how this Court construes the evidence relating to the intention of the parties.... ” He further testified that the trial court should examine the intent of the parties at the time the deed was written, and that there might be an easement by implication. Payne’s testimony consisted only of his opinion as to the legal interpretation of the deeds.
This court has repeatedly held that “opinion testimony as to the legal interpretation of Florida law is not a proper subject of expert testimony.” See, e.g., Brophy v. Condon (In re Estate of Williams), 771 So.2d 7, 8 (Fla. 2d DCA 2000). Construction of language in a deed “is a legal determination to be made by the trial judge, with the assistance of counsels’ legal arguments, not by way of ‘expert opinion.’ ” See Lee County v. Barnett Banks, Inc., 711 So.2d 34, 34 (Fla. 2d DCA *1252 1997) (discussing expert opinion about statutory construction). Accordingly, the Appellees are not entitled to an expert witness fee award. See ■ id. The trial court abused its discretion in awarding the motion to tax costs for Payne’s expert witness fee, and we reverse.
Reversed.
ALTENBERND and NORTHCUTT, JJ., Concur.