946 So.2d 94 (2006)
Linda Lou HALE, Appellant,
v.
SHEAR EXPRESS, INC., d/b/a Hair Express, Appellee.
No. 1D05-3636.
District Court of Appeal of Florida, First District.
December 29, 2006.
*95 Susan W. Fox of Fox & Loquasto, P.A., Tampa, and Wendy S. Loquasto of Fox & Loquasto, P.A., Tallahassee, for Appellant.
David K. Beach of Rissman, Barrett, Hurt, Donahue & McLain, P.A., Tampa, for Appellee.
WEBSTER, J.
This workers' compensation case is before us on a Motion for Review of Appellate Attorneys' Fees filed pursuant to Florida Rule of Appellate Procedure 9.400(c). Appellant's appellate attorneys argue that the fee awarded by the judge of compensation claims was inadequate. Because no competent substantial evidence was presented to the judge of compensation claims disputing the reasonableness of the fee requested by appellant's appellate attorneys, we reverse and remand with directions that the judge award the amount requested.
In Hale v. Shear Express, Inc., 932 So.2d 514 (Fla. 1st DCA 2006), we reversed an order of the judge of compensation claims enforcing a settlement agreement. By unpublished order we also granted appellant's motion for attorneys' fees, and relinquished jurisdiction to the judge of compensation claims to determine the amount of fees to which appellants' attorneys were entitled. In that order, we directed that both the petition filed before the judge of compensation claims seeking fees and any response thereto be verified.
The verified petition filed before the judge of compensation claims by appellant's appellate attorneys claimed that 71.46 hours had been devoted to the appeal, attaching time records and other appropriate documents, and opined that, based upon fees customarily charged for appellate services by attorneys with comparable skill and reputation in the relevant community, an appropriate fee for services performed in the appeal would be $20,000.00. The employer and servicing *96 agent filed an untimely and unverified response to the petition. At the start of the hearing before the judge of compensation claims, appellant's attorneys objected to the response filed by the employer and servicing agent, pointing out that it was both untimely and unverified. The judge nevertheless accepted the untimely and unverified response. Appellant's appellate attorneys presented live sworn testimony at the hearing from one of the attorneys and from an expert. Their testimony supported the $20,000.00 fee requested in the verified petition. The employer and servicing agent presented neither testimony nor other evidence. In her Attorney Fee Order, the judge of compensation claims made a number of findings and, based on those findings, awarded appellant's appellate attorneys only $11,846.25, rather than the $20,000.00 they had requested.
The employer and servicing agent have filed before us a Response to Motion for Additional Attorney's Fees in which, in addition to arguing the merits of the motion, they contend that the "motion should be immediately rejected on procedural grounds" because it was not timely filed. Because that Response was not timely served, we strike it. See Fla. R.App. P. 9.300(a) (requiring that a response to a motion be served within ten days of service of the motion). However, for the benefit of the employer and servicing agent, we note that the motion was timely filed in this court. Florida Rule of Appellate Procedure 9.400(c) requires that such a motion be filed within 30 days of rendition of the order sought to be reviewed. The Attorney Fee Order was rendered on September 29, 2006. Therefore, the motion had to be filed here by October 29, 2006. However, because October 29th fell on a Sunday, the last day for filing became Monday, October 30th, the day on which the motion was filed. See Fla. R.App. P. 9.420(e).
On the merits, it is apparent from the record that none of the findings made by the judge of compensation claims is supported by competent substantial evidence. Instead, they appear to have been based on the judge's subjective belief and personal experience. This was error. See Sanchez v. Woerner Mgmt., Inc., 867 So.2d 1173, 1174-75 (Fla. 1st DCA 2004) (reversing reductions in hours identified by claimant's attorneys as reasonably expended because the reductions were not supported by competent substantial evidence but, instead, "appear[ed] to rest entirely upon the JCC's subjective belief and personal experience of what to him seemed reasonable"). Accord Marshall v. City of Miami, 920 So.2d 107, 108 (Fla. 1st DCA 2006); Morris v. Dollar Tree Store, 869 So.2d 704, 706-07 (Fla. 1st DCA 2004); Smith v. U.S. Sugar Corp., 624 So.2d 315, 319 (Fla. 1st DCA 1993). In this regard, we reiterate that unsworn responses and arguments of counsel are not evidence upon which a judge of compensation claims may rely when determining the amount of a reasonable fee. See, e.g., Smyth v. K-Mart Corp., 905 So.2d 921, 921 (Fla. 1st DCA 2005); Sanchez, 867 So.2d at 1175.
Because no competent substantial evidence was presented disputing the reasonableness of the fee requested by appellant's appellate attorneys, we grant the Motion for Review of Appellate Attorneys' Fees. That portion of the Attorney Fee Order awarding only $11,846.25 is reversed, and the case is remanded to the judge of compensation claims with directions that she enter an order awarding appellant's appellate attorneys the $20,000.00 they requested.
REVERSED and REMANDED, with directions.
KAHN, J., concurs.
*97 HAWKES, J., dissents with written opinion.
HAWKES, J., dissenting,
I must respectfully dissent. The majority has chosen to reject the factual findings of the JCC and engage in its own appellate fact finding. Such an endeavor is specifically prohibited by law. See Dollar General Corp. v. MacDonald, 928 So.2d 464, 466 (Fla. 1st DCA 2006) (holding "a JCC's conclusion as to factual issues will be affirmed if the record provides competent, substantial evidence to support it").
This Court has often reminded the Bar that the standard of review in workers' compensation cases is whether competent substantial evidence supports the decision below, not whether it is possible to recite contradictory record evidence which supported the arguments rejected below. See Mercy Hosp. v. Holmes, 679 So.2d 860, 860 (Fla. 1st DCA 1996) ("Once again we remind counsel of the basic premise that the standard of review in worker's compensation cases is whether competent substantial evidence supports the decision below, not whether it is possible to recite contradictory record evidence which supported the arguments rejected below."); see also GTE v. Miller, 642 So.2d 1188, 1190 (Fla. 1st DCA 1994); Holiday Foliage v. Anderson, 642 So.2d 94, 97 (Fla. 1st DCA 1994); Swanigan v. Dobbs House, 442 So.2d 1026 (Fla. 1st DCA 1983). The JCC's decision to award attorney's fees for 60.75 hours was supported by competent substantial evidence presented below and should be affirmed on that basis. The fact that evidence in the record could have been relied upon in awarding an additional 10.71 hours in billable time is irrelevant to our review on appeal.
Moreover, the majority has ignored this Court's previous recognition that "[t]he JCC, as the finder of fact, has the prerogative of disbelieving a witness." Strickler v. Florida Power Corp., 667 So.2d 239, 240 (Fla. 1st DCA 1995). In specifically recognizing this axiomatic function of being the fact finder, this Court has further stated that "[t]he JCC is free to reject, in whole or in part, even uncontroverted testimony which the JCC disbelieves." Id. at 240; see also Storage Technology Corp. v. Philbrook, 448 So.2d 42 (Fla. 1st DCA 1984); Ullman v. City of Tampa Parks Department, 625 So.2d 868 (Fla. 1st DCA 1993).
In this action for attorney's fees, the burden of persuasion rested with the claimant. Therefore, it was claimant's responsibility to not only proffer evidence supporting the conclusion that the number of hours requested was reasonable, but to convince the JCC that the number of hours requested was reasonable. Here, the JCC was free to accept the testimony of claimant's attorney and expert as to the reasonableness of some of the hours claimed, but simultaneously reject the allegation of reasonableness as to the balance of the hours requested. Accordingly, the JCC's decision to not award attorney's fees for the hours it did not find to be reasonable was appropriate.
Finally, the majority's reliance upon Sanchez v. Woerner Mgmt., Inc., 867 So.2d 1173 (Fla. 1st DCA 2004), is misplaced. In Sanchez, this Court specifically noted that the E/C made no effort to cross-examine regarding the reasonableness of the fee requested. Such was not the case here. The E/C conducted a complete cross-examination of both claimant's attorney and expert. The E/C's cross-examination was successful in demonstrating: 1) that claimant's expert had not spent much time reviewing the files before reaching her conclusion as to the reasonableness of the fee requested, 2) that claimant's expert based her reasonableness determination, in large part, upon her subjective belief in the integrity *98 of claimant's counsel, and 3) that the facts of the underlying case may not have been as complex as claimant's attorney alleges  thus calling into question some of the hours claimant claimed for time spent preparing the appellate brief's "Statement of the Case and Facts." The existence of a successful cross-examination clearly distinguishes this case from Sanchez. For this reason, as well as the reasons discussed above, the majority's reliance upon Sanchez is inappropriate.
Because the JCC's order is supported by competent substantial evidence and the JCC is free to reject, in whole or in part, even uncontroverted testimony from any witness which the JCC disbelieves, I would affirm the JCC's order. Due to the majority's decision to ignore these principles of law, I am compelled to respectfully dissent.