HAWKES, C.J.,
concurring.
I concur with the majority opinion. A JCC has a duty to award fees that are reasonably related to the amount a conscientious and diligent attorney would be expected to charge under similar circumstances. To award a fee amount that is excessive to the point it “shocks the conscience” of the JCC who presided over the case is illogical and contrary to the primary goal of the statute. Therefore, I agree that the JCC’s order should be affirmed.
Background
Claimant filed a petition for benefits (PFB) for authorization of psychiatric treatment, prescription reimbursement, and payment of mileage. After a full merits hearing, the JCC denied the claims for a psychiatrist and prescription reimbursement, but awarded mileage reimbursement in the amount of $201.44. Thereafter, Claimant’s counsel filed a verified petition for attorney’s fees seeking payment of 40.33 hours at a rate of $200 per hour for the time allegedly spent securing mileage reimbursement. The E/C filed a verified response challenging some time entries (approximately six hours), but primarily challenged the excessiveness of the entire fee.
At the hearing on the attorney’s fee, the attorneys for the respective parties served as their own experts and testified to the reasonableness of the fee at issue. Claimant’s counsel “withdrew” 1.2 hours included in his verified petition and testified a reasonable fee for the benefits secured was $7,890.00. Counsel for the E/C testified that although the guideline fee of $40.28 was manifestly unfair, a reasonable fee, consistent with the Florida Supreme Court’s opinion in Murray v. Mariner Health, 994 So.2d 1051 (Fla.2008), would be whatever the judge deemed reasonable.
*91 The JCC entered an order containing his analysis of the statutory factors in section 440.34(l)(a)-(f), Florida Statutes (2002) and, after establishing that a guideline fee of $40.29 was manifestly unfair, awarded a fee in the amount of $3860.00. In arriving at fee amount, the JCC stated:
It is undisputed Claimant’s attorney recovered a benefit for his client, a benefit which she was due and which the E/C did not provide until Claimant’s attorney intervened. As a result, Claimant’s attorney is entitled to recover a reasonable fee from the E/C. As the benefit obtained had a monetary value of $201.44, I find the award of a statutory fee of $40.29 would be unreasonable and manifestly unfair even had Claimant’s attorney spent one (1) hour obtaining such benefit. And while a fee of $6,040.00[1] for securing $201.44 in benefits may be appropriate in a case where the issues are complex, novel, difficult, hard-fought and contingent, I find this is not such a case. Rather, in this instance, I find to award an attorney’s fee of $6,040.00 would be unreasonably excessive to such an extent to shock the judicial conscience, at least the conscience of this JCC. I further find to award such a fee in this instance would require complete disregard of the Supreme Court’s directive in Murray that “judges who hear these claims and determine the amount of the attorney fees under subsection (3) must be vigilant to award only reasonable and necessary fees.”
(quoting 994 So.2d at 1062). The JCC (who also presided over the trial for the medical mileage claim) also found that for an experienced attorney such as Claimant’s counsel, little time and effort should have been required to prosecute this mileage claim. Claimant moved for rehearing arguing that the JCC, by unilaterally reducing his hours, relied on non-record evidence, a practice that is prohibited. The JCC denied the motion, indicating that he disbelieved Claimant’s counsel’s trial testimony and was not persuaded that the time alleged to be expended was actually required for prosecution of the simple mileage claim. The JCC reiterated that the fee claimed by Claimant’s counsel shocked his conscience, and pursuant to the supreme court’s directive in Murray, he was obliged to award what he considered a reasonable fee. Claimant’s counsel then filed this appeal seeking relief because the JCC, in setting the amount of his fee, relied on factors not permitted by law.
Analysis
I begin my analysis by noting the quantum of the fee at issue was contested (rather than stipulated),[2] and the E/C opposed the excessive amount of the fee claimed. Nevertheless, the E/C, instead of introducing meaningful evidence to support its defense, merely asked the JCC to use his own judgment in assessing a reasonable fee. Under normal circumstances, such a tactic would be ill-advised, because the JCC, as finder of fact, is bound by the record evidence and cannot act as an advocate or witness for either side. See Smith v. U.S. Sugar Corp., 624 So.2d 315, 319 *92 (Fla. 1st DCA 1998) (stating JCC is bound to resolve conflicts based upon the evidence of record); see also G & A Bldg. Maint. v. Makuski, 510 So.2d 1074, 1075 (Fla. 1st DCA 1987) (reversing award of attorney’s fees that exceeded amount requested by claimant’s attorney); Fla. Admin. Code. R. 60Q-6.124(3)(a)-(c) (explaining procedure for resolution of disputed attorney’s fees). Fortunately for the E/C, the JCC found the fee due in accordance with the record evidence to be clearly excessive and shocking to the judicial conscience (not once, but twice) and it is for this reason that we affirm.
The JCC has the duty to ensure that all fees paid for claimants in workers’ compensation proceedings are reasonable. See § 440.34(l)-(3), Fla. Stat. (2002). This requirement prohibits the award of both excessive and inadequate fees. See Murray, 994 So.2d at 1061 (Fla.2008). On numerous occasions, this Court has restricted JCCs from relying on subjective beliefs and non-record evidence when determining the reasonableness of attorney’s fees. See Marshall v. City of Miami Dep’t of Conventions & Marinas, 920 So.2d 107 (Fla. 1st DCA 2006) (prohibiting JCC from setting hourly rate of attorney’s fees where no record evidence supported JCC’s finding); Sanchez v. Woerner Mgmt., Inc., 867 So.2d 1173, 1174-75 (Fla. 1st DCA 2004) (reversing fee award where reduction of time was based on JCC’s subjective belief and personal experience as to what was reasonable); Feinberg v. Miami-Dade County, 788 So.2d 417 (Fla. 1st DCA 2001) (reversing JCC’s finding that 76.7 of the claimant’s attorney’s hours were “excessive and unrelated to the benefits obtained,” because finding unsupported by record); see also Makuski, 510 So.2d 1074. Nevertheless, we have never imposed such restrictions to an extent that would require a JCC to abandon common sense, good judgment, or his statutory role as the arbiter of reasonableness so as allow the award of an unconscionably excessive fee. To the contrary, no court is obliged to approve a judgment that is so manifestly unjust that it offends the judicial conscience. See Miller v. First Am. Bank & Trust, 607 So.2d 483, 484 (Fla. 4th DCA 1992). The potential for abuse of hourly fees in the workers’ compensation system has caused the Florida Supreme Court to comment:
The judges who hear these claims and determine the amount of the attorney fees under subsection (3) must be vigilant to award only reasonable and necessary fees. Further, we expect the appellate courts to review the factors in cases presented to the courts so that only reasonable and necessary fees are awarded.
Murray, 994 So.2d at 1062. Although I do not suggest that we recede from our holdings requiring JCCs to base the calculation of a fee on record evidence, it seems to me that these holdings have caused fee hearings in workers’ compensation proceedings to evolve into a ritual of hours and rates that transcends the statutory scheme and pays no mind to the fundamentals of jurisprudence, legal ethics, or the essential question at hand: what is a reasonable fee for the services provided?
As should always be the ease in workers’ compensation matters, the statute holds the answers. Section 440.34(l)(a), Florida Statutes (2002), mandates that, in assessing a reasonable fee, the JCC consider the time, labor, and skill “required” to perform the legal services properly, not the time actually expended by counsel. The ritualistic focus on hours and rates has apparently caused lawyers to lose sight of the primary goal of the statute — to award fees that are reasonable and bear some relationship to the charges that would be expected of a conscientious and diligent at *93 torney under similar circumstances. No reading of the statute allows for an award of fees that shocks the conscience of the very jurist who decided the case. Moreover, the statute requires that, in awarding a reasonable fee, the JCC shall consider only those benefits secured by the attorney. See § 440.34(2), Fla. Stat. (2002). Accordingly, in the instant case, the essential question presented to the JCC was: how much time and skill was required (not the time and skill actually expended) to properly prosecute the claim for medical mileage reimbursement.
Here, the JCC, a trained jurist who presided over the underlying substantive claim in question, was shocked by the evidence, and found the resulting fee requested to be illogical, incredible, and unconscionably excessive. See e.g. Strickler v. Fla. Power Corp., 667 So.2d 239, 240 (Fla. 1st DCA 1995) (“[t]he JCC as the finder of fact has the prerogative of disbelieving a witness.”). In fact, he found that “little time and effort should be required to prosecute a mileage reimbursement claim as was at issue herein.” The E/C, although not providing any evidence as to the precise amount of a reasonable attorney’s fee, did present expert testimony that the amount claimed by Claimant’s counsel was clearly excessive based on the statutory factors. Thus, the JCC’s finding that the claimed fee was clearly excessive and unconscionable was based on competent substantial evidence, and should not be disturbed on appeal. See Mercy Hosp. v. Holmes, 679 So.2d 860 (Fla. 1st DCA 1996) (holding JCC’s conclusion as to factual issues will be affirmed if record contains competent, substantial evidence to support it). Moreover, a determination that a fee is clearly excessive or manifestly unfair can be made as a matter law and, under such circumstances, is not subject to the competent substantial evidence standard of review. See Davis v. Bons Secours-Maria Manor, 892 So.2d 516 (Fla. 1st DCA 2004) (reversing award of attorney’s fee based on conclusion that fee was manifestly unfair). A fee can be manifestly unfair either because it is too low, or because it is too high. Therefore, I see no basis to reverse the JCC’s finding as to the unconscionably excessive nature of the claimed fee.
Nevertheless, because the E/C did not provide any alternative evidence as to the value of a reasonable fee, the JCC was caught in a Catch-22 — he could either award the fee he found to be unconscionably excessive (manifestly unfair), violating the statute’s requirement (and the supreme court’s directive) that he only award a reasonable fee; or find no persuasive evidence as to the value of a reasonable fee, and award no fee (or a statutory guideline fee of $40.28), an amount which the JCC found manifestly unfair, as too low, which would also violate the statute’s requirement for the award of only reasonable fees. Although I am mindful that workers’ compensation fee hearings are adversarial in nature, and employer/carriers have an inherent incentive, if not an affirmative duty, to present evidence of a reasonable fee in opposition to a verified petition which is deemed excessive, I cannot ignore the duty placed on JCCs and this court to ensure that only reasonable fees are awarded. See Fla. Admin. Code R. 60Q-6.124(3)(a)-(e) (explaining procedures for resolution of disputed fees and costs); see also § 440.34(1), Fla. Stat. (2002) (stating an attorney’s fee may not be paid unless approved as reasonable by the JCC).
In most circumstances where hourly fees are involved, the question of what is a reasonable attorney’s fee does not have a singular response; rather, the answer will fall somewhere in a range that is generally accepted as reasonable by the community. See § 440.34(3)(b), Fla. Stat (2002) (stating *94 in assessing a reasonable attorney’s fee the JCC shall consider the fee customarily charged in the locality for similar legal services). When the parties are involved in a good-faith dispute regarding an attorney’s fee that falls within the range of reasonableness, a JCC should refrain from acting as an independent witness or advocate, and decide the issue based on the parties’ pleadings and expert testimony, not his subjective beliefs and personal experience. See Sanchez, 867 So.2d 1173, 1174-75. We cannot ignore, however, the reality that a JCC, an official charged with the exclusive statutory duty of approving all claimants’ attorney’s fees, has a well-founded understanding of the market value of fees in the community. See Crittenden Orange Blossom Fruit v. Stone, 514 So.2d 351, 353 (Fla.1987) (recognizing JCCs are well qualified to determine the reasonableness of attorney’s fees by reason of their experience, training and education, when no hearing is required). And where the evidence is patently exaggerated, illogical, or unconscionable, the JCC must not be bound by inelastic rules which command an unconscionable result not otherwise permitted by statute. For the JCC to be vigilant in ensuring that only reasonable and necessary fees be awarded, the JCC must be cloaked with the authority to deny a fee that is unconscionably excessive, even if the amount of such fee is “uncontrovert-ed” based on the record evidence. See § 440.33(1), Fla. Stat. (2002) (stating JCC may do all things conformable to law which may be necessary to enable JCC to effectively discharge duties).
A system which allows for the award of excessive fees as the product of arcane ritual and formalistic rules not only violates the clear intent of the Legislature and the missive from the Florida Supreme Court, but it also threatens the integrity of the legal system itself by eroding the public’s confidence in the bench and bar. See generally Ziontz v. Ocean Trail Unit Owners Assoc., 663 So.2d 1334, 1336 (Fla. 4th DCA 1993). Nevertheless, where an adversarial evidentiary hearing is required, the JCC should rely on expert testimony presented by the parties to avoid becoming an expert witness not subject to cross examination. See Sanchez, 867 So.2d at 1174 (noting that calculation of fee based on JCC’s subjective beliefs and personal experience makes informed appellate review impossible). Here, however, the JCC was left with no apparent alternative and, to avoid the award of an unconscionably excessive fee, he eliminated hours which, in his judgment, were not reasonably related to the task of prosecuting the medical mileage claim.
I believe the better course would have been for the JCC, upon finding the fee established by the evidence unconscionably excessive, to pose questions to the witnesses (as is permitted by section 440.33(1)) to establish the record basis for the reduction in hours. Nonetheless, I agree that there is no reason to remand this matter for a new hearing as such a proceeding will not likely change the result. Further, Claimant’s counsel, who had the initial affirmative burden of proving the amount of a reasonable fee but failed in this regard, should not be afforded the opportunity for a “mulligan” borne of his attempt to collect a fee that was found unconscionable and clearly excessive by the very judge who presided over the trial of the mileage claim. See generally Golian v. Wollschlager, 893 So.2d 666, 668-69 (Fla. 1st DCA 2005).
Conclusion
I am mindful of the precarious balance that must be reached in the workers’ compensation system between properly compensating attorneys for their work and ensuring that the system is cost efficient. Neither of these goals is furthered, however, if the system blindly allows for the award of unconscionable fees without re *95 gard to issues of fundamental justice. I am confident that issues of this nature will be avoided if attorneys representing carriers diligently prepare for attorney fee hearings and present meaningful evidence, rather than relying on the JCC to act on their behalf. Notwithstanding the significant duty imposed on the JCC to ensure that all attorney’s fees paid are reasonable, it is not the JCC’s duty to compensate for the inadequacies of proof or pleadings. See Holiday Inn v. Sallee, 496 So.2d 227 (Fla. 1st DCA 1986) (noting it is a novel proposition that JCC must rule on applicability of every provision of Chapter 440 irrespective of particular issues presented by parties for resolution). Nevertheless, because the record supports the JCC’s finding that the claimed fee was unconscionably excessive, I agree that the order on appeal should be affirmed.

. This is the amount of the fee Claimant’s counsel averred was awardable based on the uncontested hours and a stipulated hourly rate of $200 per hour.

. The procedures governing uncontested or stipulated fees are different than those governing disputed fees, see Florida Administrative Code 60Q-6.124(1), and when fees are agreed upon, in the absence of some indicia of fraud, overreaching, or facts which indicate the stipulation is against the manifest weight of the evidence, such a stipulation is binding on the JCC. See Sapp v. Berman Bros., 884 So.2d 1080 (Fla. 1st DCA 2004).