PER CURIAM.
In this workers’ compensation appeal, Claimant argues the Judge of Compensation Claims (JCC) erred on three counts. We affirm without comment the points challenging the JCC’s denial of an employer/camer-paid attorney’s fee as it relates to the morphine pump and the JCC’s refusal to include paralegal time when determining the reasonable time spent related to the successful prosecution of a claim for payment of disputed medical bills. We reverse, however, the JCC’s finding that the customary hourly rate in his district was $200.
Claimant’s attorney offered evidence in support of his contention that he should be awarded an hourly fee of $300 to $400. The JCC could properly reject this evidence as he found the testimony was based on Claimant’s attorney’s personal experience in jurisdictions other than workers’ compensation and in other venues. See Mitchell v. XO Commc’ns, 966 So.2d 489, 490 (Fla. 1st DCA 2007) (“It is well-settled that a JCC may reject in whole or in part even uncontroverted testimony the JCC disbelieves.” (citing Bass v. Gen. Motors Corp., 637 So.2d 304, 306 (Fla. 1st DCA 1994))). The JCC erred, however, in finding that the employer/carrier’s attorney testified that the customary hourly rate in the locality for similar services was $200. The employer/carrier’s attorney did not testify; he only offered argument to that effect.
Section 440.34(l)(b), Florida Statutes (Supp.1996), requires the JCC to determine, when awarding a fee based on an hourly rate, “[t]he fee customarily charged in the locality for similar legal services.” The JCC must rely on evidence properly submitted in arriving at the customary fee, not his “subjective belief and personal experience.” Sanchez v. Woerner Mgmt., Inc., 867 So.2d 1173, 1174 (Fla. 1st DCA 2004). “[UJnsworn responses and arguments of counsel are not evidence upon which a [JCC] may rely when determining the amount of a reasonable fee.” Hale v. Shear Express, Inc., 946 So.2d 94, 96 (Fla. 1st DCA 2006) (relying on Smyth v. K-Mart Corp., 905 So.2d 921, 921 (Fla. 1st DCA 2005)); Sanchez, 867 So.2d at *935 1175. Accordingly, the JCC’s finding that $200 was the customary hourly rate is REVERSED, and this matter is REMANDED for further proceedings consistent with this opinion.
LEWIS, CLARK, and ROWE, JJ„ concur.