990 So.2d 13 (2008)
PALM BEACH COUNTY SCHOOL DISTRICT and F.A. Richard & Associates, Appellants,
v.
Frances FERRER, Appellee.
No. 1D07-4524.
District Court of Appeal of Florida, First District.
August 4, 2008.
Rehearing Denied September 11, 2008.
*14 Jerry K. McKim and Kurt A. Wyland of Walton Lantaff Schroeder & Carson, LLP, West Palm Beach, for Appellant.
Bill McCabe of Shepherd, McCabe & Cooley, Longwood, and David M. Cohen, North Miami Beach, for Appellee.
THOMAS, J.
In this workers' compensation appeal, Employer/Carrier (E/C) appeals the order of the Judge of Compensation Claims (JCC) denying its motion to tax costs. We agree with E/C that the JCC erred in denying its motion, and reverse.
As it argued below, E/C argues here that it was the prevailing party as a result of Claimant's voluntary dismissal of all seven of her petitions for benefits one day before the scheduled final merits hearing. The JCC denied E/C's motion, finding that Claimant had not filed any petitions for benefits after she voluntarily dismissed her petitions; therefore, E/C's motion was premature. The JCC reasoned that there had been no adjudication on the merits of Claimant's petitions, as Claimant was permitted to dismiss her petitions any time before the final hearing under rule 60Q-6.116(2), Florida Administrative Code (2007). Only after a second dismissal would Claimant's claims be deemed denied, and only then would E/C be the prevailing party, thus entitled to recover its costs.
Determining whether the JCC correctly denied E/C's motion presents an issue of statutory interpretation; therefore, we review the JCC's ruling under the de novo standard of review. See Lakeland Reg'l Med. Ctr., Inc. v. State, Agency for Healthcare Admin., 917 So.2d 1024, 1029 (Fla. 1st DCA 2006).
Section 440.34(3), Florida Statutes (2006), states, "If any party should prevail in any proceedings before a judge of compensation *15 claims or court, there shall be taxed against the nonprevailing party the reasonable costs of such proceedings, not to include attorney's fees."
One of the first rules of statutory construction is that the plain meaning of the statute is controlling. Jackson County Hosp. Corp. v. Aldrich, 835 So.2d 318, 328-29 (Fla. 1st DCA 2002). Based on the plain meaning of section 440.34(3), the prevailing party is entitled to the reasonable costs it incurred in the proceedings before the JCC. Whether the dismissal was taken with or without prejudice has no bearing on this result. See Rose Printing Co., Inc. v. Wilson, 602 So.2d 600, 603 (Fla. 1st DCA 1992).
A defendant generally becomes the prevailing party when a plaintiff dismisses its action. Thornber v. City of Fort Walton Beach, 568 So.2d 914, 919 (Fla. 1990); Stuart Plaza, Ltd. v. Atl. Coast Dev. Corp. of Martin County, 493 So.2d 1136, 1137 (Fla. 4th DCA 1986). E/C is therefore the prevailing party here. As such, it is entitled to recover its reasonable costs, and the JCC erred in denying its motion. Accordingly, we quash the order under review, and reverse and remand with directions for the JCC to grant E/C's motion and determine the amount of E/C's reasonable costs.
REVERSED and REMANDED.
WOLF and ROBERTS, JJ., concur.