PER CURIAM.
 

 In this workers’ compensation appeal, the Employer/Carrier (E/C) argues the Judge of Compensation Claims (JCC) abused her discretion by denying its motion for taxable costs. We agree that the JCC erred by denying the motion and reverse.
 

 In May 2006, Claimant filed two petitions for benefits requesting compensability of various injuries, indemnity benefits, and penalties, interest, costs, and attorney’s fees. The JCC denied and dismissed Claimant’s petitions by order rendered December 20, 2007. Claimant appealed that order, but filed a voluntary dismissal on October 31, 2008.
 

 On December 17, 2008, the E/C filed a verified motion to tax costs. The E/C alleged it was the prevailing party and had reasonably incurred $26,191.75 in the successful defense of Claimant’s petitions and appeal. The E/C attached to the motion an eight-page, itemized, chronological list of costs. Many of the charges in the E/C’s attachment referenced only the vendor, date, and amount paid without detailing why or how the charge was incurred; other items referenced the witness or documents associated with the charges in addition to the vendor, amount, and date paid.
 

 Claimant filed an unverified response on January 12, 2009, specifically objecting to any costs associated with Dr. Jorge Inga or any surveillance evidence. Claimant generally denied all costs associated with the use of “superfluous depositions.”
 

 
 *745
 
 The JCC held an evidentiary hearing on March 9, 2009. The JCC allowed Claimant’s counsel to examine the E/C’s counsel without giving the E/C’s counsel an opportunity to testify. The JCC also allowed Claimant’s counsel to state on the record additional objections and admissions to the costs claimed by the E/C.
 

 On March 12, 2009, the JCC entered an order denying the E/C’s motion. The JCC found that although the E/C provided a detailed list of providers, and there was no evidence refuting the verified motion, the E/C failed to prove that any of the expenses were actually paid through evidence of invoices or receipts. The JCC ultimately found there was no competent, substantial evidence establishing that the E/C reasonably expended $26,191.75 in defense of the claim.
 

 A JCC’s decision to deny costs is generally reviewed for an abuse of discretion.
 
 See Morris v. Dollar Tree Store,
 
 869 So.2d 704, 707 (Fla. 1st DCA 2004). We review the JCC’s interpretation and application of the law de novo.
 
 See Palm Beach County Sch. Dist. v. Ferrer,
 
 990 So.2d 13, 14 (Fla. 1st DCA 2008). Section 440.34(3), Florida Statutes (2004), mandates that “[i]f any party should prevail in any proceeding before a [JCC], there shall be taxed against the non-prevailing party the reasonable costs of such proceedings.” A motion for disputed costs shall include “a detailed list of all taxable costs advanced or incurred.” Fla. Admin. Code R. 60Q-6.124(3)(a)6. A response to the motion must include “a detailed recitation of all matters which are disputed.” Fla. Admin. Code R. 60Q-6.124(3)(b). “Failure to file a ... a specific response ... shall, absent good cause, result in acceptance of the allegations in the motion as true.”
 
 Id.
 
 A claim for taxable costs must be sufficiently specific to allow the JCC to make a reasonable determination.
 
 Nash v. AMR Corp.,
 
 913 So.2d 699, 701 (Fla. 1st DCA 2005).
 

 The JCC correctly concluded that Claimant’s response was not evidence because it was unverified.
 
 See Hale v. Shear Express, Inc.,
 
 946 So.2d 94, 96 (Fla. 1st DCA 2006) (reiterating that unsworn responses and arguments of counsel are not evidence upon which a JCC may rely). The JCC also correctly rejected Claimant’s argument regarding the costs associated with Dr. Inga because the doctor’s testimony was taken in support of the E/C’s defense.
 
 Cf. Moore v. Hillsborough County Sch. Bd.,
 
 987 So.2d 1288, 1289 (Fla. 1st DCA 2008) (holding testimony used in any way to support an award of benefits, whether or not expressly relied upon by a JCC, is a taxable cost). Moreover, the record supports the JCC’s finding that Claimant conceded to numerous charges claimed by the E/C.
 

 The JCC erred, however, by concluding that the E/C was required to submit invoices or receipts proving it actually expended the amounts claimed in the motion. Florida Administrative Code Rule 60Q-6.124(3)(a)6. merely requires a “detailed listing of all taxable costs advanced or incurred.” “Incur” means to “suffer or bring on oneself (a liability or expense)” and “advance” means the “furnishing of money or goods before any consideration is received in return” or the “money or goods furnished.”
 
 Black’s Law Dictionary,
 
 782 (8th Ed. 2004). The E/C’s counsel testified his clients paid all items listed in the attachment to the motion and his firm was required to personally guarantee the services of all vendors. In
 
 Spinelli v. National Health Care Center,
 
 854 So.2d 259 (Fla. 1st DCA 2003), we suggested a verified petition itemizing costs might constitute adequate documentation to support an award of costs in a workers’ compensation proceeding. We cannot imagine what
 
 *746
 
 additional information the E/C could have been expected to produce at the hearing in this situation due to Claimant’s failure to file a detailed response to the motion to tax costs. Thus, we hold the JCC erred by denying the E/C’s motion on the basis that the E/C failed to prove it actually expended the claimed costs. We recognize that in other situations, such as where the non-prevailing party files a detailed response, more information proving which costs were actually incurred or advanced may be necessary.
 

 We also recognize that not all of the items claimed as taxable costs by the E/C were sufficiently specific to support an award. For instance, the E/C claimed twenty-seven separate charges to a reporting company without delineating which witness or transcript the charge was for; thus, it was impossible for the JCC to determine which of the costs were associated with evidence used in support of the defense. Finally, we are confident that, in light of this decision, the JCC will consider on remand whether costs should be awarded for the charges Claimant conceded to at the evidentiary hearing and the costs associated with Dr. Inga’s testimony, because the only impediment to awarding those costs was the JCC’s finding that the E/C failed to establish that the costs were actually incurred.
 

 REVERSED and REMANDED.
 

 BARFIELD, DAVIS, and ROBERTS, JJ., concur.