PER CURIAM.
 

 In this worker’s compensation appeal, the Employer/Carrier (“E/C”) challenges an order of the Judge of Compensation Claims (“JCC”) awarding the Claimant temporary partial disability (“TPD”) benefits, granting the Claimant’s request for attorney’s fees and costs, and denying the E/C’s claim for costs. We affirm the award of TPD benefits without further discussion. For the reasons briefly set forth below, we also find no abuse of dis-ci-etion by the JCC in denying the E/C’s claim for costs.
 
 See Hillsborough County Sheriff’s Ofc. v. Hilsman,
 
 23 So.3d 743, 745 (Fla. 1st DCA 2009) (JCC’s decision to deny costs generally reviewed for abuse of discretion).
 

 The Claimant in this case sought TPD benefits from December 17, 2008, through April 4, 2009. The JCC granted the claim for all but five days of that period — December 17, 2008, through December 22, 2008 — because the evidence showed the Claimant voluntarily reduced his income during that time. The E/C argues that because it prevailed on its affirmative defense as to those five days, it is entitled to an award of costs under section 440.34(3), Florida Statutes. We disagree.
 

 Pursuant to the parties’ pretrial stipulation, the only issue before the JCC was the Claimant’s entitlement to TPD benefits. The E/C’s affirmative defenses were that during the entire three-and-a-half month period at issue, the Claimant voluntarily limited his income by refusing light duty employment within his physical restrictions and failed to look for any other employment. At trial, the E/C had the burden of proving its affirmative defenses.
 
 See, e.g., Myers v. Hillsborough County Sch. Bd.,
 
 911 So.2d 851, 852 (Fla. 1st DCA 2005). Except for proving the Claimant voluntarily limited his income for the five-day period from December 17, 2008, through December 22, 2008, the E/C failed to meet its burden. Indeed, the E/C wholly failed to prove that the Claimant did not seek appropriate employment during the claimed period. Under these circumstances, we cannot say the JCC abused her discretion in denying the E/C’s claim for prevailing party costs under section 440.34, Florida Statutes.
 

 AFFIRMED.
 

 WOLF, LEWIS, and MARSTILLER, JJ., concur.