TORPY, J.
 

 Appellants, Orange County and its servicing agent, Alternative Service Concepts, challenge the trial court’s denial of their petition for
 
 rule nisi
 
 Appellants sought the
 
 rule nisi
 
 to enforce an award of costs in their favor entered by the Judge of Compensation Claims (“JCC”) in a workers’ compensation claim proceeding. The trial court denied the petition after finding that it lacked jurisdiction to issue the
 
 rule nisi.
 
 We affirm.
 

 Appellee, a former firefighter for Orange County Fire & Rescue, filed a workers’ compensation claim against Orange County. Appellants prevailed on the claim. The JCC entered an order taxing costs in the amount of $2,594.97 against Appellee and in favor of Appellants in the workers’ compensation proceeding. When Appellee failed to pay the ordered costs, Appellants filed a petition in the circuit court for
 
 rule nisi
 
 under section 440.24, Florida Statutes (2008). Appellants requested that the trial court issue a
 
 rule nisi
 
 to Appellee to show cause why a writ of execution should not be issued against him. Appellants attached the JCC’s order awarding costs to the petition. Appellee challenged the trial court’s jurisdiction to issue a
 
 rule nisi
 
 against him under section 440.24(1).
 

 The trial court agreed with Appellee. It denied Appellants’
 
 rule nisi
 
 petition stating that it lacked jurisdiction to issue a
 
 rule nisi
 
 on behalf of an employer/carrier under section 440.24(1). The court specifically declined to rule on Appellants’ procedural and substantive due process arguments.
 

 Section 440.24(1) establishes an expedited procedure to enforce a compensation award. It provides that upon “default by the employer,” an employee may seek a
 
 rule nisi
 
 “directing such employer ... to show cause why a writ of execution ... to enforce the terms of such order” should not issue. Appellants concede that this statute is unambiguous and, by its express terms, affords no remedy to an employer. Appellants contend that this was simply the product of legislative oversight. They explain that, when section 440.24(1) was first enacted, only employees could recover costs, so it was not necessary that the enforcement remedy be reciprocal. It was not until section 440.34(3) was amended in
 
 *425
 
 2003 that “any prevailing party” in a workers’ compensation claim became entitled to recover reasonable costs. Ch. 2003^12, § 26, Laws of Fla. The Legislature did not amend section 440.24 in 2003 to provide for enforcement of the employers’ newly established right. Nor has it done so since that time. Appellants contend that we can cure this ostensible oversight by application of statutory construction principles. Specifically, they urge that we should infer a reciprocal remedy by reading section 440.24(1)
 
 in pari materia
 
 with section 440.34(3).
 

 We do not think this would be an appropriate application of this rule of statutory construction. Neither of these statutes is ambiguous, nor are they repugnant when considered together.
 
 See Fla. Dep’t of Envtl. Prot. v. ContractPoint Fla. Parks, LLC,
 
 986 So.2d 1260, 1265-66 (Fla.2008) (statutes should be construed
 
 in pari materia
 
 to reconcile inconsistency in related statutes). Nor does the application of this construction principle necessarily lead us to what the Legislature actually intended. Given the overall purpose of the workers’ compensation scheme, it is entirely plausible that the Legislature intended to afford the expedited procedure only to an employee. To construe the statutes as urged by Appellants involves a re-write, not an interpretation. This purported glitch, if it is a glitch, is for the Legislature to cure.
 

 Alternatively, Appellants contend as they did below, that the statute is unconstitutional as applied because it affords no remedy to enforce their substantive right to costs. To avoid this unconstitutional construction, Appellants argue that we should construe the remedy as reciprocal. Again, we cannot “construe” this statute in a manner that contravenes its plain dictate, even to accomplish this objective. Nor do we conclude that our construction leaves Appellants without any remedy to enforce their substantive rights. Section 440.24(1) establishes an expedited enforcement remedy in the circuit court. It does not purport to establish the sole remedy to enforce such orders. For example, Appellants may seek the enforcement of its award in the appropriate court having jurisdiction over the amount in controversy, just as any other debt may be enforced in the appropriate court.
 

 AFFIRMED.
 

 LAWSON and EVANDER, JJ„ concur.