WETHERELL, J.
 

 Appellant seeks review of the trial court’s order granting Appellees’ rule nisi petition filed pursuant to section 440.24(1), Florida Statutes. Appellant contends that the trial court did not have jurisdiction under the statute to consider the petition. We agree and reverse the order on appeal.
 

 Appellant filed a workers’ compensation claim against Appellees. The Judge of Compensation Claims (JCC) denied com-pensability of the claim and taxed $8,683.76 in costs against Appellant pursuant to section 440.34(3), Florida Statutes. The cost order was not appealed. Appellant concedes that the amount is due and owing and that the cost order is not subject to collateral attack. After Appellant failed to comply with the order, Appellees sought to enforce the order by filing a petition for rule nisi in the circuit court pursuant to section 440.24(1). In response to the petition, Appellant argued that the circuit court lacked jurisdiction to grant the rule nisi petition because section 440.24(1) only grants the court jurisdiction to enforce JCC orders in the event of default on the part of the employer/carrier (E/C). In reply, Appellees argued that the statute should be construed to allow E/Cs to file rule nisi petitions because if the statute were construed in the manner advocated by Appellant then there would be no procedure by which E/Cs could obtain enforcement of cost orders entered by JCCs. The trial court granted the petition after a hearing, and this appeal followed.
 

 During the pendency of this appeal, the Fifth District Court of Appeal decided
 
 Orange County v. New,
 
 39 So.3d 423 (Fla. 5th DCA 2010), which addressed the exact issue presented here. In
 
 New,
 
 the court held that the trial court lacked jurisdiction to consider the E/C’s petition for rule nisi to enforce an award of costs entered in their favor by the JCC.
 
 Id.
 
 at 423. In reaching this decision, the court rejected the same arguments made by Appellees in this case.
 

 The E/C in
 
 New
 
 argued that, although section 440.24(1) specifically provides that an employee may seek a rule nisi against an employer who defaults on a compensation award, it was a legislative oversight that led to the exclusion of the availability of the rule nisi procedure to employers when an employee defaults on an award.
 
 Id.
 
 at 423. The E/C urged the court to correct the oversight and apply the rules of statutory construction to infer a reciprocal remedy by reading section 440.24(1)
 
 in pari materia
 
 with section 440.34(3), Florida Statutes, which allows for “the prevailing party” in workers’ compensation cases to recover reasonable costs.
 
 Id.
 
 The court held that application of the rules of statutory construction would be inappropriate given that the statutes are unambiguous and are not repugnant when read together.
 
 Id.
 
 The court further noted that it was “entirely plausible” that the Legislature intended to extend the availability of the rule nisi procedure only to an employee in the case of an E/C default and noted that, if this was not the intent of the Legislature, the situation presents a glitch for the Legislature to cure.
 
 Id.
 

 The E/C in
 
 New
 
 further argued that the section 440.24(1) is unconstitutional as applied because it does not afford a remedy to enforce their substantive right to the awarded costs.
 
 [1]
 

 Id.
 
 The court rejected this argument, explaining that section 440.24(1) does not purport to establish the sole remedy for enforcement of such or
 
 *784
 
 ders and that an E/C may seek enforcement of the award as any other debt may be enforced in the appropriate court.
 
 Id.
 
 at 423-25.
 

 We agree with the analysis in
 
 New.
 
 Although we do not condone Appellant’s failure to comply with the cost order, it is not our place to rewrite section 440.24(1) to include a procedure for E/Cs to enforce JCC orders in circuit court. That is the function of the Legislature, not the courts.
 

 Accordingly, because the trial court lacked jurisdiction to consider the rule nisi petition filed by Appellees, the order on appeal is reversed and the case is remanded with directions that the trial court dismiss the petition.
 
 [2]
 

 REVERSED and REMANDED with directions.
 

 BENTON, and VAN NORTWICK, JJ., concur.
 

 [1]
 

 . Appellees did not make this constitutional argument in this case, but they did argue that
 
 *784
 
 section 440.24(1) should be construed to provide a reciprocal enforcement remedy for both employees and E/Cs.
 

 [2]
 

 . In light of this disposition, we need not address Appellant’s argument that the trial court also erred in awarding interest on the cost award when it granted Appellees' rule nisi petition.