PER CURIAM.
 

 The employer/carrier (E/C) in this workers’ compensation case appeals the judge of compensation claims’ (JCC’s) denial of its motion to certify facts to the circuit court filed because Claimant failed to pay
 
 *1006
 
 the costs awarded to the E/C following Claimant’s unsuccessful attempt to obtain benefits. We agree with the JCC that section 440.33(2), Florida Statutes (2009), does not apply to the situation presented in this case.
 

 Because resolution of this issue requires statutory interpretation, our review is de novo.
 
 See Lombardi v. S. Wine & Spirits,
 
 890 So.2d 1128, 1129 (Fla. 1st DCA 2004). Section 440.33(2) provides that:
 

 If any person in proceedings before the judge of compensation claims disobeys or resists any lawful order or process, or misbehaves during a hearing or so near the place thereof as to obstruct the hearing, or neglects to produce, after having been ordered to do so, any pertinent book, paper, or document, or refuses to appear after having been subpoenaed, or upon appearing refuses to take oath or affirmation as a witness, or after having taken the oath refuses to be examined according to law, the judge of compensation claims shall certify the facts to the court having jurisdiction in the place in which it is sitting, which shall thereupon in a summary manner hear the evidence as to the acts complained of and, if the evidence so warrants, punish such person in the same manner and to the same extent as for a contempt committed before the court, or commit such person upon the same conditions as if the doing of the forbidden act had occurred with reference to the process of or in the presence of the court.
 

 A review of the conduct prohibited by the section, and application of the rule of statutory construction
 
 expressio unius est ex-clusio alterius,
 
 that the mention of one thing implies the exclusion of another, supports the notion that the activity sought to be certified here, Claimant’s failure to pay as directed by the final order, without more, was not intended by the Legislature to be conduct addressed via the application of this statute.
 
 See Orr v. Trask,
 
 464 So.2d 131, 135 (Fla.1985) (applying rule of statutory construction in construing section 440.45, Florida Statutes (1981)).
 

 After listing various actions that could result in disruptions in the process of trying a case, section 440.33(2) concludes by directing the JCC to certify facts to a civil court that is to hear evidence and punish a guilty party “in the same manner and to the same extent as for a
 
 “contempt
 
 ” committed before the court.” (emphasis added). In defining “contempt,”
 
 Black’s Law Dictionary
 
 references a treatise on contempt:
 

 Contempt is a disregard of, or disobedience to, the rules or orders of a legislative or judicial body, or an interruption of its proceedings by disorderly behavior or insolent language, in its presence or so near thereto as to disturb the proceedings or to impair the respect due to such a body. Edward M. Dangel,
 
 Contempt
 
 § 1, at 2 (1939).
 

 Black’s Law Dictionary
 
 336 (8th ed. 2004). Contempt proceedings are appropriately used to ensure the orderly conduct of a hearing, not to enforce final orders of a JCC. A JCC has only those powers conferred by chapter 440.
 
 See Avalon Ctr. v. Hardaway,
 
 967 So.2d 268, 272 (Fla. 1st DCA 2007) (“Courts of Compensation Claims are not courts of general jurisdiction, and therefore do not have ‘general’ jurisdiction over any subject matter beyond that specifically conferred by statute.”). Thus, we reject the E/C’s argument that application of section 440.33(1), Florida Statutes (2009), giving JCCs the power to effectuate and discharge the duties of their office, would allow the action requested here. Nothing in the language of section 440.33(2) suggests that it
 
 *1007
 
 applies to the broader notion of contempt encompassing the enforcement of final orders.
 

 The E/C further argues that if the JCC cannot certify to the circuit court facts such as those present here, it will have no other remedy to enforce the JCC’s award of costs, the order awarding the costs will be meaningless, and its due process rights will have been violated. This court recently referenced a remedy available to an E/C in addressing whether an E/C had a right to file a rule nisi petition, pursuant to section 440.24(1), Florida Statutes.
 
 See Brown v. Clay County Bd. of County Comm’rs,
 
 43 So.3d 782, 784 (Fla. 1st DCA 2010) (approving the Fifth District Court of Appeal’s suggestion in
 
 Orange County v. New,
 
 39 So.3d 423 (Fla. 5th DCA 2010), “that an E/C may seek enforcement of the award as any other debt may be enforced in the appropriate court”). We see no reason why the same remedy would not be available to the E/C here.
 

 AFFIRMED.
 

 BENTON, C.J., WETHERELL, and ROWE, JJ., concur.