WEBSTER, J.
In this workers’ compensation appeal, claimant seeks review of an award of prevailing-party costs to the employer and carrier, contending that: (1) the judge of compensation claims erred in awarding costs totaling $8,992.93 because, to the extent the employer and carrier are entitled to costs at all, the award may not exceed $250 in cases where they prevail on the issue of compensability; and (2) if prevailing-party costs may be awarded to the employer and carrier, they are entitled to only $1,116.70 because chapter 440 precludes recovery of costs incurred for depositions, experts and independent medical examinations. We affirm.
I.
Following an unsuccessful merits hearing, claimant appealed the denial of his claim to this court. Sitting en banc, we affirmed the order of the judge of compensation claims. See Punsky v. Clay County Sheriff’s Office, 18 So.3d 577 (Fla. 1st DCA) (en banc) (affirming the finding that the employer and carrier had rebutted the presumption of compensability found in section 112.18(1), Florida Statutes (2004), and certifying a question of great public importance to the Florida Supreme Court), review denied, 22 So.3d 539 (Fla.2009).
Thereafter, the employer and carrier, as the prevailing parties, filed a motion pursuant to section 440.34(3), Florida Statutes (2004), seeking to tax costs, representing that they had incurred $10,622.87 in defending against claimant’s petition for benefits. The judge of compensation claims concluded that the employer and carrier were entitled to recover $8,992.93, rejecting claimant’s arguments that sections *1091 440.19(6) and 440.24(4), Florida Statutes (2004), controlled. In response to a motion for rehearing filed by claimant, the judge entered an amended final order, rejecting arguments that sections 440.13(5) and 440.30, Florida Statutes (2004), applied, and reaffirming the rejection of claimant’s previously advanced statutory arguments. This appeal follows.
II.
A.
In his first point on appeal, claimant contends that section 440.19(6) permits an award of either zero costs or, at most, $250 in costs against a claimant in a case where compensability is denied because there is no fund of money from which to deduct the $250. Section 440.19(6) reads:
When recovery .is denied to any person in a suit brought at-law or in admiralty to recover damages for injury or death on the ground that such person was an employee, that the defendant was an employer within the meaning of this chapter, and that, such employer had secured compensation of such employee under this chapter, the limitations period set forth in this section shall begin to run from the date of termination of such suit; however, in' such an event, the employer is allowed a credit of his or her actual cost of defending such suit in an amount not to exceed $250, which amount must be deducted from any compensation allowed or awarded to the employee under this chapter.
To the extent the issues raised by claimant concern statutory construction, our review is de novo. See Palm Beach County Sch. Dist. v. Ferrer, 990 So.2d 13, 14 (Fla. 1st DCA 2008). Contrary to claimant’s contention, section 440.19(6) applies only when a claimant first proceeds against an employer at law or in admiralty, and such relief is denied on the basis of workers’ compensation exclusivity/immunity. See § 440.11(1), Fla. Stat. (2004) (“[t]he liability of an employer prescribed-in s. 440.10 shall be exclusive and in place of all other liability, including' vicarious liability, of such employer to any third-party tortfea-sor and to the employee, the legal representative thereof .and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death ... ”). Pursuant to the plain language of this statute, after termination in favor of the employer of a “suit brought at law or in admiralty,” the costs incurred by the employer in the suit, not to exceed $250, are to be offset against compensation benefits. Id. Here, however, the employer and carrier were not seeking to recover costs incurred in defense of an action brought (as an alternative to the workers’ compensation claim) either at law or in admiralty. Accordingly, section 440.19(6) does not apply-
B.
Claimant also argues that section 440.24(4) supports his assertion that costs may not be awarded against a claimant in a case where compensability is denied. Section 440.24(4), which bears the title “Enforcement of Compensation Orders; Penalties,” states .that, “[i]n any case wherein the employee fails to comply with any order of a judge of compensation claims within 10 days after such order becomes final, the judge of compensation claims may dismiss the claim or suspend payments due under said claim until the employee complies with such order.” In looking to section 440.24(4), claimant misapprehends the issue here, which concerns a claimant’s responsibility for, and the employer’s and carrier’s entitlement to, an award of costs pursuant to section 440.34(3). In contrast, section 440.24(4) addresses enforcement and sanctions, and, contrary to claimant’s argument, there are *1092 other mechanisms available to the employer and carrier for the enforcement of an order awarding costs. See Lakeland Reg’l Med. Ctr. v. Weech, 54 So.3d 1005 (Fla. 1st DCA 2010) (noting that the employer and carrier may seek enforcement of a cost award in circuit court). Section 440.24(4) simply has no bearing on this case.
C.
 Claimant’s final argument on this issue, that the right to access courts is denied if costs are awarded to an employer or carrier for successfully defending against compensability of a claim, requires de novo review. See Medina v. Gulf Coast Linen Servs., 825 So.2d 1018, 1020 (Fla. 1st DCA 2002). Article I, section 21, of the Florida Constitution requires that “[t]he courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay.” To establish standing, a party must demonstrate “an injury which is both real and immediate, not conjectural or hypothetical.” Montgomery v. Dep’t of Health & Rehab. Servs., 468 So.2d 1014, 1016 (Fla. 1st DCA 1985). Claimant contends that, because only “a rare injured worker” can afford to pay the costs of litigation when his claim fails, an award of costs to an employer or carrier for successfully defending against compensability of a claim denies claimants access to courts. However, the record contains no evidence or argument in support of this alleged “injury.” A judge of compensation claims lacks jurisdiction to address constitutional issues and, therefore, it was proper for claimant to raise this issue for the first time on appeal. See B & B Steel Erectors v. Bwmsed, 591 So.2d 644, 647 (Fla. 1st DCA 1991) (stating that “workers’ compensation judges do not have the power to determine the constitutionality of a portion of the Workers’ Compensation Act, and that such issues may be raised for the first time on appeal, without having been preserved below”). That does not mean, however, that claimant was prohibited from creating a record in support of his constitutional challenge. See Anderson Columbia v. Brown, 902 So.2d 838, 841 (Fla. 1st DCA 2005) (holding that the inability of the judge of compensation claims to rule on constitutional issues does not preclude a claimant from building a record so that the constitutional challenge might be made on appeal). Claimant’s constitutional argument fails because there is no support in the record for his argument that the award of costs is “an injury which is both real and immediate, not conjectural or hypothetical.” Montgomery, 468 So.2d at 1016.
III.
Claimant’s second point on appeal relates to the award of specific costs, which is generally reviewed for abuse of discretion. See Morris v. Dollar Tree Store, 869 So.2d 704, 707 (Fla. 1st DCA 2004). However, to the extent that an award of costs is based on statutory construction, review is de novo. See Delgado v. A. Garcia Harvesting, Inc., 913 So.2d 78, 79 (Fla. 1st DCA 2005).
The legislature’s significant amendment in 2003 to the established law of seventy years, which previously immunized unsuccessful claimants from the payment of an employer’s or carrier’s costs in non-frivolous cases, leads us to conclude that the legislature intended its amendment of section 440.34(3) to include the taxation of all reasonable costs, with the express exclusion of attorney’s fees, equally to both parties. See ch. 2003-412, § 26, at 3944-45, Laws of Fla. “When the Legislature makes a substantial and material change in the language of a statute, it is presumed to have intended some specific objective or alteration of law, unless a contrary indication is clear.” Mangold v. Rainforest Golf Sports Ctr., 675 So.2d 639, 642 (Fla. 1st DCA 1996).
*1093 Claimant contends that sections 440.13(5) and 440.30, Florida Statutes (2004), control the disposition of this dispute, and that they override section 440.34(3). However, section 440.13(5)(a) addresses only independent medical examinations and sets out the circumstances under which a claimant may obtain reimbursement should the opinion of the claimant’s independent medical examiner be relied on in determining the claimant’s course of treatment. Section 440.34(3), on the other hand, directs the judge of compensation claims to award “reasonable costs” to the prevailing party. When read in conjunction with section 440.34(3), section 440.13(5) may broaden the circumstances under which a claimant may obtain reimbursement for the costs of an independent medical examination, but it in no way impacts an employer’s or carrier’s entitlement to reimbursement of reasonable costs when the employer or carrier is the prevailing party.
Section 440.30 permits fees charged by court reporters and witnesses to “be taxed as costs and recovered by the claimant, if successful in ... workers’ compensation proceedings.” Claimant’s argument that the language of section 440.30 “expressly limits” the award of costs for depositions to claimants only is not borne out by a plain reading of the section. It is permissive (“may be taxed”), and relates only to depositions. On the other hand, section 440.34(3) is mandatory (“shall be taxed”), and includes all “reasonable costs,” not just deposition costs.
We conclude that, in enacting section 440.34(3), the legislature opted to make the award of costs mandatory and to expand it to allow the prevailing party, not just the claimant, to recover reasonable costs. Such an interpretation “harmonizes and reconciles” the sections, see Woodgate Dev. Corp. v. Hamilton Inv. Trust, 351 So.2d 14, 16 (Fla.1977) (“[w]here possible, it is the duty of the court to adopt that construction of a statutory provision which harmonizes and reconciles it with other provisions of the same act”), and furthers a reasonable public policy to reimburse the costs of litigation, regardless of who the prevailing party might be.
IV.
Based on the foregoing, we reject claimant’s first point on appeal, that sections 440.19(6) and 440.24(4), Florida Statutes (2004), prevail over section 440.34(3), Florida Statutes (2004), the statutory basis for the award of costs to a prevailing party in workers’ compensation matters. Neither section 440.19(6) nor section 440.24(4) restricts an employer’s or carrier’s entitlement to prevailing party costs when it successfully defends against compensability of a claim. We also reject claimant’s second point, because we conclude that, by enacting section 440.34(3), the legislature intended to allow the prevailing party to be reimbursed all reasonable costs of litigation. Accordingly, we affirm the award of costs in the amount of $8,992.93.
AFFIRMED.
WOLF and ROBERTS, JJ., concur.