PER CURIAM.
In this workers’ compensation case, Claimant challenges a ruling of the Judge of Compensation Claims (JCC) denying her claim for entitlement to prevailing party costs under section 440.34(3), Florida Statutes (2007). For the reasons that follow, we reverse the ruling on costs, and remand for further proceedings.
The claims before the JCC for adjudication included authorization of psychiatric care with Dr. Walker, payment for Dr. Walker’s past care, temporary indemnity benefits, penalties and interest on late payment of indemnity benefits, attorney’s fees, and costs. In the final order, the JCC denied authorization of care with Dr. Walker and payment of past medical bills of Dr. Walker, but awarded temporary partial disability (TPD) benefits and attorney’s fees for obtaining TPD benefits. The JCC also denied costs, finding “neither party was a prevailing party.” The JCC erred for two reasons.
First, the JCC’s order is inconsistent. The JCC awarded attorney fees based on a finding that Claimant prevailed on the claim for TPD benefits, contradicting her later finding that neither party prevailed. The award of costs to a prevail *358 ing party is mandatory under section 440.84(3). See Punsky v. Clay County Bd. of County Comm’rs, 60 So.3d 1088, 1093 (Fla. 1st DCA 2011) (holding prevailing party costs are mandatory). Thus, remand is required. See Mitchell v. XO Comm’ns, 3 So.3d 1278 (Fla. 1st DCA 2009) (remanding because findings in order are so conflicting and inconsistent as to make meaningful appellate review impossible).
Second, the JCC’s order is premature. To determine which party prevailed, more specific evidence is needed than was available here. To that end, the parties should be permitted to present evidence, via motions as described in Florida Administrative Code Rule 60Q-6.124(3), of the specific costs incurred and both their reasonableness and their relevance to all claims presented, including those resolved in Claimant’s favor pretrial — because such a resolution constitutes a “successful prosecution” of the claims. See Mitchell v. Sunshine Cos., 850 So.2d 632 (Fla. 1st DCA 2003) (holding E/C’s pretrial concession of benefits requested in PFB justifies fee award). Without this evidence, a JCC’s mere observation of the issues brought to final hearing can be a poor measure by which to determine the “prevailing party.”
We acknowledge, also, that the JCC is not limited to finding that only one party (or neither party) prevailed. The unique nature of workers’ compensation proceedings, wherein a sequence of (often non-competing) claims and defenses is normally consolidated into a single hearing, creates the potential for a party to be both prevailing and nonprevailing, relative to different claims in the same proceeding. Moreover, the different types of workers’ compensation benefits resist comparison and distillation to determine an overall victor — for example, some awards consist of medical care, the value of which is not solely monetary but is found in a non-quantifiable improvement in quality of life. Section 440.34(3) contemplates this peculiar complexity of workers’ compensation litigation and provides that costs will be taxed against the nonprevailing party “[i]f any party should prevail in any proceedings” before a JCC, language which is more expansive than prevailing party statutes found elsewhere in Florida law. Cf. § 713.29, Fla. Stat. (2007) (“In any action brought to enforce a lien or to enforce a claim against a bond under this part, the prevailing party is entitled to recover a reasonable fee for the services of her or his attorney for trial and appeal or for arbitration.... ”).
This conclusion is in contrast to analyses of “prevailing party” for fee purposes in civil matters, which suggest there can be no more than one prevailing party in any given suit. Cf. Trytek v. Gale Indus., Inc., 3 So.3d 1194, 1203-04 (Fla.2009) (permitting a finding that neither party prevailed for purposes of determining entitlement to attorney’s fees, payment of which is mandatory). This conclusion is similar, however, to civil cases permitting both parties to recover costs where one prevails on its claim and the other on a counterclaim. See, e.g., Spicuglia v. Green, 302 So.2d 772 (Fla. 2d DCA 1974), cert. denied 315 So.2d 193 (Fla.1975). Drawing this distinction between types of “prevailing parties” makes sense, because the rationale for limiting a determination of “prevailing party” to one (or neither) party for purposes of fee determinations — that fees are awarded for punitive purposes — does not apply to a determination of prevailing parties for purposes of cost awards, which are not punitive but restorative. See Morris v. Dollar Tree Store, 869 So.2d 704, 707 (Fla. 1st DCA 2004) (‘We cannot conceive it to be the legislative intent that an injured work *359 er who successfully prosecutes a claim against his or her employer should not be made whole for all costs necessary to maintain the claim.”). Further, a rule that prohibits a party from recovering the full measure of his costs on the claims and date of accident upon which he fully prevailed would provide a disincentive to the administrative consolidation of cases for convenience, encouraging the development of an arbitrarily burdensome system for dispute resolution, contrary to the express legislative intent contained in section 440.015, Florida Statutes (2007), providing “an efficient and self-executing system must be created which is not an economic or administrative burden.”
We therefore REVERSE the ruling denying costs, and REMAND for further proceedings.
HAWKES, CLARK, and SWANSON, JJ., concur.