PER CURIAM.
In this workers’ compensation case, the Employer/Servicing Agent (E/SA) appeals an order of the Judge of Compensation Claims (JCC) to the extent it awards Claimant a one-time change of physician, under section 440.13(2)(f), Florida Statutes (2010), and denies the E/SA prevailing-party costs, under section 440.34(3). We affirm the award of a one-time change, without further comment. We reverse the denial of prevailing-party costs to the E/SA, and remand for further proceedings on that issue.
The JCC awarded Claimant some benefits (a period of temporary partial disability benefits, interest and penalties on that award, continued pain management care, and reimbursement of some bills), yet denied other claims for benefits (temporary total disability benefits, compensability of neck complaints, and authorization of some medical benefits). Then, despite the E/SA’s multiple requests (in both the responses to the petitions for benefits and the pre-trial stipulation) for an award of costs for the claims on which it prevailed, the JCC found “[Claimant was the prevailing party” and “E/SA was not the prevailing party,” and, accordingly, granted Claimant’s motion to tax costs and denied the E/SA’s motion to tax costs.
This ruling conflicts with the recent opinion in Aguilar v. Kohl’s Department Stores, Inc., 68 So.3d 356 (Fla. 1st DCA 2011). In Aguilar, this court explained that “the JCC is not limited to finding that only one party (or neither party) prevailed,” and held the order on review was both inconsistent, in that the JCC had awarded the claimant a benefit yet found “neither party was a prevailing party,” and premature, in that “[t]o determine which party prevailed, more specific evidence is needed than was available here.” Id. at 357-58. Similarly, here, the JCC either produced an inconsistent order by denying some of the disputed benefits yet finding the E/SA had not prevailed, or prematurely determined which party (or parties) prevailed without making clear she had considered (as mentioned in Aguilar ) “all claims presented, including those resolved ... pretrial.” Id. at 358. The error is not harmless, because cost awards *930 to prevailing parties are mandatory and cannot be denied as a matter of discretion. See Punsky v. Clay County Bd. of County Comm’rs, 60 So.3d 1088, 1093 (Fla. 1st DCA 2011).
The appropriate remedy here is the remedy provided in Aguilar; accordingly, we remand this case for further proceedings to allow the parties to present evidence “of the specific costs incurred and both their reasonableness and their relevance to all claims presented, including those resolved ... pretrial.” Aguilar, 68 So.3d at 358 (referring to the procedures in Florida Administrative Code Rule 60Q-6.124). We further suggest that the interests of judicial efficiency would be better served in future cases if the JCC simply reserved ruling as to which party prevailed, and thus reserved ruling on both entitlement to and amount of prevailing-party costs until a full consideration of the relevant facts (as set forth in Aguilar) can be facilitated by the procedures in Florida Administrative Code Rule 60Q-6.124.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings in accordance with this opinion.
CLARK and WETHERELL, JJ., Concur; MAKAR, J., Concurring in Part, Dissenting in Part.