MAKAR, J.
concurring in part, dissenting in part.
I concur in affirmance of the JCC’s order granting a one-time change of physician under section 440.13(2)(f), Florida Statutes. I cannot agree, however, that we should remand on the costs issue. It is a basic precept of error preservation that trial courts must be put on notice of alleged errors in their rulings so that they have an opportunity to correct them. Philip J. Padovano, Florida Appellate Practice § 8.1 (2013 ed.) (“A legal argument must be raised initially in the lower tribunal by the presentation of a specific motion or objection at the appropriate stage of the proceeding.”); Jack R. Reiter, Principles & Pitfalls of Preservation of Error, 78 Fla. B.J. 32, 32 (Nov. 2004) (“Requiring litigants to preserve error before the lower tribunal maintains the integrity of the judicial process by ensuring that the lower tribunal has the opportunity to correct errors.”). That did not occur here. The E/SA did not object to the JCC’s ruling on costs when it was made nor did it present to the JCC the legal argument it now makes for the first time on appeal.
That argument is based on Aguilar v. Kohl’s Department Stores, Inc., 68 So.3d 356, 358 (Fla. 1st DCA 2011), in which this Court explained that a JCC “is not limited to finding that only one party (or neither party) prevailed.” Aguilar was issued on August 23, 2011, which was seven months prior to the final hearing held on March 28, 2012 in this case. Adequate time existed to apprise the trial court of Aguilar; even if Aguilar had not issued, it was still incumbent upon the E/SA to assert an objection timely (as was done via a motion for rehearing in Aguilar[1]). See Holland v. Cheney Bros., Inc., 22 So.3d 648, 649 (Fla. 1st DCA 2009) (“Traditional rules of preservation of issues apply to workers’ compensation appeals.”).
The E/SA at no time, however, raised any objection below to the JCC’s denial of costs on the basis of Aguilar or its holding. Making a general request for costs for claims on which it prevailed was insufficient to inform the JCC of the legal issue resolved in Aguilar. See Aills v. Boemi, 29 So.3d 1105, 1109 (Fla.2010) (“[T]he concern articulated in the objection must be sufficiently specific to inform the court of the perceived error.”). The E/SA’s failure *931 to raise below, and ultimately preserve, the issue should bar us from considering it on appeal. See id. Accordingly, I would affirm the order in its entirety.

. I would grant the Claimant's motion to take judicial notice of this fact.