PER CURIAM.
In this workers’ compensation case, Claimant appeals an order of the Judge of Compensation Claims (JCC) finding both Claimant and the Employer/Carrier (E/C) are prevailing parties, determining the amount of each party’s costs under section 440.34(3), Florida Statutes (2009), and offsetting the two cost amounts, resulting in only one award of prevailing party costs to the E/C. Claimant’s argument is that the JCC erred in offsetting the two cost amounts because doing so was beyond his statutory authority. We agree.
No party challenges the JCC’s finding that each party prevailed on at least one claim in this proceeding. Section 440.34(3) states that “there shall be taxed against the nonprevailing party the reasonable costs of such proceedings.” Matters of enforcement of compensation orders are appropriately resolved in circuit court. See Brown v. Clay Cnty. Bd. of Cnty. Comm’rs, 43 So.3d 782, 784 (Fla. 1st DCA 2010) (“The court [in Orange County v. New, 39 So.3d 423 (Fla. 5th DCA 2010),] ... [held] an E/C may seek enforcement of the [cost] award as any other debt may be enforced in the appropriate court.”). Accordingly, on remand the JCC will award costs (in the amount he determined to be appropriate) to each party without offsetting the two cost amounts.
REVERSED in part (as to offset), AFFIRMED in part, and REMANDED for entry of an order consistent with this opinion.
PADOVANO, ROBERTS, and CLARK, JJ., concur.