PER CURIAM.
In this worker’s compensation case, Claimant appeals the Judge of Compensation Claims’ (JCC’sj award of $2,645.70 in taxable costs payable by Claimant to the Employer/Carrier (E/C) under section 440.34(3), Florida Statutes (2011). Under section 440.34(3), a prevailing party is entitled to reimbursement of all reasonable costs. See, e.g., Punsky v. Clay Cnty. Bd. of Cnty. Comm’rs, 60 So.3d 1088, 1093 (Fla. 1st DCA 2011) (holding that award of all reasonable costs of litigation to prevailing party is mandatory under section 440.34(3)). In this appeal, Claimant challenges a limited portion of the total award, asserting that some of the costs claimed were unreasonable and not recoverable under Florida law.
An award of specific costs is generally reviewed for abuse of discretion. Marbon v. Fla. Hosp. Ormond Beach, 98. So.3d 754, 756 (Fla. 1st DCA 2012) citing Punsky, 60 So,3d at 1092. In reviewing, a discretionary act, the appellate court should apply the “reasonableness test” to determine whether the trial judge abused his discretion. Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980). We agree with Claimant that the costs reasonably necessary to defend the claims here would not include the cost of the condensed versions of deposition transcripts which was incurred in addition to the cost for the original and one copy (i.e., a third. copy of the depositions). Finding no merit in the other challenges raised by Claimant, we MODIFY the order below to exclude the $150.00 in costs for the condensed transcripts and to award the E/C the sum of $2,495.70 in taxable costs. The order, as MODIFIED, is AFFIRMED.
THOMAS, MARSTILLER, and BILBREY, JJ., concur.