PER CURIAM.
In this worker’s compensation case, Claimant appeals the Judge of Compensation Claims’ (JCC’s) award of $1,449.98 in taxable costs payable by Claimant to the Employer/Servicing Agent (E/SA) under subsection 440.34(3), Florida Statutes (2010). Under subsection 440.34(3), a prevailing party is entitled to reimbursement of all reasonable litigation costs. See, e.g., Punsky v. Clay Cnty. Bd. of Cnty. Comm’rs, 60 So.3d 1088, 1093 (Fla. 1st DCA 2011) (holding that award of all reasonable costs of litigation to prevailing party is mandatory under section 440.34(3)). Claimant argues that some of the costs awarded here were unreasonable and not recoverable under Florida law, specifically, the cost for her deposition and the cost of medical record review by Dr. Stoetzel.
*202 An award of specific costs is generally reviewed for abuse of discretion. Mortem v. Fla. Hosp. Ormond Beach, 98 So.3d 754, 756 (Fla. 1st DCA 2012) (citing Punsky, 60 So.3d at 1092). In reviewing a discretionary act, the appellate court should apply the “reasonableness test” to determine whether the trial judge abused his discretion. Canalcaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980). We affirm, without further discussion, the award of the cost for Claimant’s deposition because we find no merit in Claimant’s speculative argument that, based on the total cost of the deposition, an extra charge for expediting the deposition transcript must have been included therein. For the reasons below, we reverse that portion of the award representing the cost for Dr. Stoet-zel’s medical record review.
Florida Administrative Code Rule 60Q-6.124(3)(e) states that the “Statewide Uniform Guidelines for Taxation of Costs in Civil Actions shall be considered by the [JCC] in determining the reasonableness of an award of cost reimbursement.” The guidelines themselves are “advisory only” and “[t]he taxation of costs in any particular proceeding is within the broad discretion” of the judge. In re Amendments to Unif. Guidelines for Taxation of Costs, 915 So.2d 612, 614 (Fla.2005). Under the guidelines, the moving party (here, the E/SA) has the burden “to show that all requested costs were reasonably necessary either to defend or prosecute the case at the time the action precipitating the cost was taken.” Id. (emphasis added).
On August 21, 2014, the attorney for the E/SA prepaid the sum of $500 for Dr. Stoetzel’s services of a medical record review and conference; no evidence was presented establishing the separate cost for each service. On August 29, 2014, Claimant voluntarily withdrew her only pending petition for benefits (PFB). The E/SA’s attorney nevertheless proceeded with the prepaid conference and met with Dr. Stoetzel on September 18, 2014. In the cost award order, the JCC deducted $250 “representing the conference charge” from the total cost of $500. The JCC appeared to have reasonably found, and the E/SA does not dispute, that the action precipitating the cost for the conference with Dr. Stoetzel occurred on September 18, 2014— the date the conference was held. Further, the September 18, 2014, conference was not reasonably necessary at that time in order to defend the PFB, as it had already been voluntarily dismissed on August 29, 2014.
Using this same analysis, the cost of'the medical record review would not have been reasonably necessary to defend any claim if Dr. Stoetzel also reviewed the records after the PFB was dismissed. The order included the remainder of the $500 prepayment in the cost award, but the E/SA presented no evidence to show when Dr. Stoetzel performed this additional service. Without proof of an actual date of service, the E/SA cannot meet its burden of showing that the related cost of the medical record review was reasonably necessary to defend the PFB when the action precipitating the cost of a medical record review occurred. The order also made no express finding that the $250 remainder was a reasonable cost for the medical record review. Under these circumstances, the JCC’s inclusion of a $250 costs for a medical record review constitutes reversible error.
The cost award, inclusive of the remaining $250 charges representing the cost of the medical record review, is therefore MODIFIED so that the total cost amount payable by Claimant to the E/SA is *203 $1,199.98. We AFFIRM the order as modified.
THOMAS, WETHERELL, and RAY, JJ., concur.