BENTON, J.
The claimant in this workers’ compensation case appeals the order denying her verified petition for litigation costs. She relies on section 440.34(3), Florida Statutes (2014), which provides that prevailing parties are entitled to have reasonable costs taxed against opposing parties. Because the judge of compensation claims applied, not the statutory standard for taxing costs, but (a) different standard(s) applicable only to attorney’s fees, we reverse with directions to award costs.
The general rule is that “denial of costs is subject to review under an abuse of discretion standard.” See Moore v. Hillsborough Cty. Sch. Bd., 987 So.2d 1288, 1289 (Fla. 1st DCA 2008) (citing Morris v. Dollar Tree Store, 869 So.2d 704, 707 (Fla. 1st DCA 2004)); see also Hernandez v. Manatee Cty. Gov’t, 50 So.3d 57, 58 (Fla. 1st DCA 2010). To the extent an award of costs presents an issue of statutory interpretation, however, the standard of review on the statutory interpretation question is de novo. See Punsky v. Clay Cty. Bd. of Cty. Comm’rs, 60 So.3d 1088, 1092 (Fla. 1st DCA 2011) (citing Delgado v. A. Garcia Harvesting, Inc., 913 So.2d 78, 79 (Fla. 1st DCA 2005)); see also Palm Beach Cty. Sch. Dist. v. Ferrer, 990 So.2d 13, 14 (Fla. 1st DCA 2008) (deciding whether judge of compensation claims erred in awarding costs was question of statutory construction, subject to review de novo).
Section 440.34(3) provides that “the prevailing party is entitled to reasonable costs it incurred in proceedings before the JCC.” Ferrer, 990 So.2d at 15 (ruling employer and carrier entitled to costs as pre *1133 vailing parties where claimant voluntarily dismissed petitions for benefits without receiving any of the benefits the petitions sought); see also Costco Wholesale Corp. v. Ulett, 995 So.2d 1016, 1016 (Fla. 1st DCA 2008). An award of costs to a prevailing party is mandatory under the statute. See Aguilar v. Kohl’s Dep’t Store Inc., 68 So.3d 356, 357-58 (Fla. 1st DCA 2011) (citing Punsky, 60 So.3d at 1093). “If any party should prevail in any proceedings before a[JCC] ... there shall be taxed against the nonprevailing party the reasonable costs of such proceedings, not to include attorney’s fees.” § 440.34(3), Fla. Stat. (2014).
Ms. Jennings sustained multiple, com-pensable injuries while at work on September 2, 2014, when a window awning fell on her. As her employer at the time of the industrial accident, Habana Healthcare Center authorized medical care with Dr. Kidd who, after reviewing x-rays taken on September 2, 2014, diagnosed a shoulder fracture and recommended immediate evaluation by an orthopedist. On September 9, 2014, she filed a petition for benefits seeking authorization for the orthopedic evaluation Dr. Kidd had recommended a week earlier.
On September 12, 2014, a claims adjuster advised her attorney that an appointment with Dr. Greene, an orthopedist, had been set (for September 15, 2014). Under our cases, the orthopedist’s services were furnished on September 12. Medical benefits a physician is to provide are furnished when the employer, carrier or servicing agent communicates the name of the physician who is authorized to treat or evaluate to the claimant or the claimant’s attorney. See Lord v. Santa Rosa Corr. Inst., 135 So.3d 1170, 1171 (Fla. 1st DCA 2014); Harrell v. Citrus Cty. Sch. Bd., 25 So.3d 675, 678 (Fla. 1st DCA 2010) (holding medical benefits were furnished untimely where the “E/C did not advise Claimant it selected Dr. Parr until October 28, 2008”). See also Bustamante v. Amber Constr. Co. 118 So.3d 921, 922 (Fla. 1st DCA 2013) (holding response to a one-time change of physician request was untimely where claimant was not given a specific physician’s name).
In the order under review, the judge of compensation claims ruled that Ms. Jennings was not a prevailing party because the employer or its carrier provided benefits “timely” under sections 440.192(8) and 440.34(3), Florida Statutes (2014). Section 440.192(8) provides that, within fourteen days of the receipt of a petition for benefits, the employer (or carrier) must either pay the benefits requested or file a response to the petition. It does not, however, address costs. The portion of subsection 440.34(3) the judge of compensation claims relied upon in the alternative is also inapposite. That language * does not pertain to costs either; it provides instead that a claimant’s right to recover attorney’s fees from an employer does not arise until thirty days after the employer (if self-insured) or carrier receives the petition for benefits. Although entitlement to attorney’s fees and taxable costs is routinely claimed, and not infrequently denied, in the same sentences, the statute distinguishes between entitlement to costs and entitlement to attorney’s fees. The judge of compensation claims misread the statutes and conflated costs with fees.
Any party who prevails, whether a claimant or not, is entitled to an award of costs. In the circumstances it specifies, *1134 section 440.34 authorizes claimants to recover attorney's fees from employers or carriers, but does not authorize employers or carriers to recover attorney’s fees from claimants. The Workers’ Compensation Law . makes attorney’s fees recoverable only in the circumstances described in paragraphs 440.34(3)(a)-(d). In these circumstances, a carrier’s timely response to a petition for benefits may indeed be relevant to a claimant’s right to recover attorney’s fees. See, e.g., Mitchell v. Sunshine Cos., 850. So.2d 632, 633 (Fla. 1st DCA 2003) (finding carrier’s failure to respond timely to the petition. for benefits was equivalent to a notice of denial, entitling claimant to attorney’s fees under section 440.34(3)(b)). But entitlement to costs is distinct from entitlement to attorney’s fees, Whether benefits are timely furnished, either under subsection 440.192(8) or under subsection 440.34(3), is irrelevant on the separate question of whether a party prevails, entitling the party to costs.
On the record before us, Ms. Jennings was the prevailing party. The claims adjuster received her petition for benefits on September 11, 2014, before the orthopedic evaluation the petition requested was furnished .on September 12, 2014. As required by statute, see section 440.192(4), Florida, Statutes (2014), her petition for benefits included certification (that was not challenged by the employer- or its carrier) that she (or her attorney) had made a good faith effort to resolve the dispute over benefits with the carrier, but was unable to do so.
Reversed and remanded with directions to award claimant her costs.
ROBERTS, C.J. and KELSEY, J., concur.

 “Regardless of the date benefits were initially requested, attorney’s fees shall not attach under this subsection until 30 days after the date the carrier or employer, if self-insured, receives the petition.” § 440.34(3)(d), Fla. Stat. (2014).