# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-3784
_____

PALM BEACH COUNTY SCHOOL
DISTRICT and SEDGWICK CMS,
INC.,

     Appellants,

     v.

FRANCES SMITH,

     Appellee.

_____

On appeal from the Office of the Judges of Compensation Claims.
Barbara Case, Judge.

Date of Accident: June 29, 2017.


May 22, 2024

PER CURIAM.

The Palm Beach County School District and Sedgwick CMS, Inc., (the E/C) appeal an order of the Judge of Compensation Claims (JCC) denying their verified motion for prevailing party costs on a 2019 petition for benefits (PFB) and granting their verified motion for costs on a 2020 PFB. We affirm without further discussion the order awarding costs on the 2020 PFB. But we reverse the order denying the motion for prevailing party costs on the 2019 PFB.

The 2019 PFB included multiple claims for benefits. Frances Smith sought treatment for her tailbone (which the E/C had earlier accepted as compensable) and for a lower back injury. The parties resolved the 2019 PFB by joint stipulation. The E/C agreed to accept and treat the tailbone injury in exchange for Smith withdrawing with prejudice her claim for compensability of the low back injury. As to costs, the stipulation provides that the E/C "stipulated to entitlement to attorney's fees and costs for prevailing on the issue of continued treatment for the tailbone." The stipulation also provided that the parties had resolved "all issues" in the PFB "with the exception of attorneys' fees and costs." When the JCC approved the parties' stipulation to resolve the PFB, she reserved jurisdiction "as to determination of attorney's fees and costs."

The E/C then filed a verified motion seeking an award of costs for prevailing on one claim in the 2019 PFB. The JCC denied the motion, concluding that the E/C waived entitlement to costs in the stipulation. The JCC also determined that the E/C was not the prevailing party under the 2019 PFB because Smith had prevailed on some of her claims: "Claimant dismissed only a portion of the PFB, but received some of the benefits claimed." This appeal follows.

The E/C argues that the JCC erred in two ways. First, when she concluded that the E/C waived entitlement to costs under the stipulation. And second, when she found that the E/C could not be awarded costs for prevailing on only some claims brought in the 2019 PFB.

On the first issue, we review de novo the JCC's interpretation of the stipulation and her conclusion that the E/C waived entitlement to costs. *See Holcombe v. City of Naples/Johns E. Co., Inc.,* 328 So. 3d 311, 314 (Fla. 1st DCA 2021). The stipulation provided that Smith "prevail[ed] on the issue of continued treatment for the tailbone" for which she sought compensability in the 2019 petition. But the stipulation was "silent on [the E/C's] entitlement to costs." And nothing in the stipulation addressed or waived the E/C's entitlement to costs for prevailing on the lower back claim that Smith voluntarily withdrew. *See Costco Wholesale Corp. v. Ulett,* 995 So. 2d 1016, 1016 (Fla. 1st DCA 2008) ("[T]he

employer/carrier became the prevailing party when the claimant voluntarily withdrew all pending petitions for benefits."); *Palm Beach Cnty. Sch. Dist. v. Ferrer*, 990 So. 2d 13, 14–15 (Fla. 1st DCA 2008) (holding that E/C was entitled to costs after claimant voluntarily dismissed "all seven" petitions). Because nothing in the unambiguous language of the stipulation waived the E/C's right to recover costs as a prevailing party, the JCC erred in denying the E/C's motion on grounds of waiver.

But even if the E/C had not waived entitlement to prevailing party costs, the JCC also concluded that she could not award costs under section 440.34(3), Florida Statutes (2016), because the E/C did not prevail on all issues. Because the JCC's legal determination of the E/C's entitlement to costs presents an issue of statutory interpretation, our review is de novo. *See Punsky v. Clay Cnty. Bd. of Cnty. Comm'rs*, 60 So. 3d 1088, 1092(Fla. 1st DCA 2011).

We begin with the plain language of the statute: "If any party should prevail **in any proceedings** before a [JCC] or court, there shall be taxed against the nonprevailing party the reasonable costs of **such proceedings**, not to include attorney's fees." § 440.34(3), Fla. Stat. (2016) (emphasis supplied). The E/C argues that there can be more than one prevailing party in proceedings before the JCC and because it prevailed on one of the claims in the 2019 PFB, it was entitled to prevailing party costs. The JCC disagreed, concluding that only one party may be the prevailing party with respect to a PFB.

The E/C argues that the JCC's interpretation of the statute differs from this court's prior construction of the statute, concluding that a JCC may award prevailing party costs to more than one party in proceedings under chapter 440. The E/C is correct. In *Aguilar v. Kohl's Department Stores, Inc.*, 68 So. 3d 356, 358 (Fla. 1st DCA 2011), the court held, for purposes of entitlement to costs under section 440.34(3), a party can be "both prevailing and nonprevailing, relative to different claims in the same proceeding." The court compared the prevailing party costs provision in section 440.34(3) to several statutes allowing for prevailing party attorney's fees. *Id*. The court observed that other statutes allowing for prevailing party fees generally limited recovery of fees to one prevailing party. *Id*. But the *Aguilar* court

reasoned that the justification for limiting prevailing party attorney's fees to one prevailing party (or no prevailing party)—"that fees are awarded for punitive purposes—does not apply to a determination of prevailing parties for purposes of cost awards, which are not punitive but restorative." *Id.* The court concluded that worker's compensation litigation was unique because "the different types of workers' compensation benefits resist comparison and distillation to determine an overall victor." *Id.*

This court reached a similar conclusion in *Hillsborough County Board v. Kubik*, 110 So. 3d 928, 929 (Fla. 1st DCA 2013). There, the E/SA appealed an order denying the E/SA's motion for costs on the claims on which it prevailed, even though the E/SA had not prevailed on all claims raised in the proceedings (which addressed multiple PFBs). This court reversed, relying on *Aguilar* and explaining that a JCC is not limited to awarding prevailing party costs to only one party. *Id.*

Based on this court's holdings in *Aguilar* and *Kubik* construing section 440.34(3) to allow a JCC to award prevailing party costs to more than one party in proceedings under chapter 440, we reverse the portion of the order denying the E/C's motion for an award costs for the 2019 PFB and remand for further proceedings. We affirm the JCC's order in all other respects.

AFFIRMED in part, REVERSED in part, and REMANDED.

ROBERTS, ROWE, and LONG, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Yunia DeMicco-Nadler of DeMicco-Nadler, LLC, Boca Raton, and Samuel B. Spinner and Hinda Klein of Conroy Simberg, Hollywood, for Appellants.

Shannon McLin and Thomas Warren Sculco of Florida Appeals, Orlando, for Appellee.